## LUCY CROCKER *vs.* CITY OF SPRINGFIELD.

In an action, under the Gen. Sts. c. 44, § 22, to recover for injuries caused by a defect in highway, it appeared that the plaintiff fell on a smooth piece of ice, about three feet square and two inches thick, in a depression in a sidewalk, where water stayed in summer till it evaporated, and in winter till it froze; and that it was very cold on the day of the accident, but had rained the whole day before.  *Held,* that these facts would not warrant the jury in finding that the defect had existed twenty-four hours.

TORT to recover for personal injuries to the plaintiff occasioned by a defect in High Street in Springfield, which the defendants were bound to keep in repair.

At the trial in the Superior Court, before *Putnam*, J., the plain-tiff introduced evidence tending to show that on Monday, December 25, 1865, she slipped and fell on a spot of smooth glare ice, about three feet square, in a depression on the sidewalk in Main Street, and was injured; that the ice was two or three inches thick and frozen to the ground; that the adjoining land was sc graded that water ran into this depression and stayed there in summer till it evaporated, and in winter till it froze; that on the afternoon of the Saturday preceding the accident it began raining, and rained all Sunday; "that it was between a rain and snow, foggy and drizzling, acted as though it had hard work to rain, more of a fog than rain;" that an icy coating was over everything on Monday morning, and that the weather was then bright and cold.

This was all the evidence as to the time the defect had existed. The evidence on other points it is not now necessary to report. The judge ruled that the action could not be maintained, ordered a verdict to be returned for the defendants, and, with the consent of the parties, reported the case for the determination of this court. If the ruling was right, judgment to be entered on the verdict; if not, the verdict to be set aside.

*N. A. Leonard*, ( *G. Wells* with him,) for the plaintiff.

*M. P. Knowlton & E. B. Maynard*, for the defendants.

BY THE COURT.   If the condition of the sidewalk at the time of the accident was such as to warrant the jury in finding it to have been defective, there was no evidence proper to be submitted to them that the defect had existed for twenty-four hours, or that the city had notice thereof.

*Judgment on the verdict for the defendants.*