EMMA J. NEWTON vs. CITY OF WORCESTER.

Worcester.    October 9, 1897. — November 23, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & MORTON, JJ.

Defective Highway — Statute — Exceptions — Rule of Court.

Under St. 1896, c. 540, entitled "An Act relative to injuries received on highways
resulting from snow or ice," a public way is not to be deemed unsafe by reason
of snow or ice thereon, if it would be reasonably safe and convenient for travel-
lers but for the presence of snow or ice thereon.

If it appears to have been well understood on all hands that one of the parties to
an action wished to have the construction of a statute determined by this court,
in case the ruling of the presiding justice should be adverse to his contention,
it is right to allow his exception, even though no statement was made in express
terms that an exception was taken.

TORT, for personal injuries occasioned to the plaintiff by a
defect in the sidewalk of a street, which the defendant was
bound to keep in repair.

At the trial, before Dewey, J., it appeared in evidence that
the sidewalk, at the point where the accident occurred, had de-
pressions in its surface, caused by wear, and by reason of some
of the bricks being depressed and some being elevated; that
there were no projections or sharp corners, and that the surface
of the depressions was smooth; that these depressions varied in
depth from half an inch to three quarters of an inch, and varied
in size from a comparatively small area to a depression of a foot
or a foot and a half in diameter; that the adjoining premises
sloped downward toward the street, and water from a gutter
spout on an abutting building flowed upon a concrete walk upon
said adjoining premises, and thence over and across the defend-
ant's sidewalk at the point of accident, filling the depression in
the sidewalk, and that at the time of the accident there was ice
in one of said depressions, on which the plaintiff slipped and was

injured; that this ice had been there forty-eight hours; and that no way was provided for the water from the spout to flow except upon said concrete walk and thence over the sidewalk at the place where the plaintiff fell.

There was also evidence tending to show that invariably in rainy weather water would accumulate in the depressions on the sidewalk, and in cold weather would freeze at the place where the plaintiff fell.

The defendant's second request for instructions was, that " the plaintiff cannot recover unless the jury find that, independently of any ice or snow, the way was not reasonably safe and convenient for travellers."

The judge declined to give this request, and instructed the jury upon the application to the case of St. 1896, c. 540, entitled " An Act relative to injuries received on highways resulting from snow or ice."

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

The plaintiff contended that the defendant did not save an exception conformably to the 50th Common Law Rule of the Superior Court, which is as follows: " No exception shall be allowed by the presiding judge, unless the same be alleged and saved at the time when the opinion, ruling, direction, or judgment excepted to is given. And all exceptions to any charge to the jury shall, unless previously saved, be alleged before the jury are sent out; and if not so alleged, the same shall not be allowed. All requests for instructions shall be made in writing." It appeared that it was understood, from the beginning to the end of the trial, that the defendant wished to have the construction of the statute determined by the full court; that the judge expressed the idea in his charge to the jury that his ruling was made with the expectation of having it reviewed by the Supreme Court; that at the moment of the conclusion of the charge, without waiting at all, the judge left the bench and went to the judges' room quickly; and that when the jury went out the judge was not in the court room. Immediately upon the judge's return, the grounds of the exception were stated by the counsel for the defendant in a brief memorandum, which the stenographer took and which is embodied in the exceptions written out, and which the judge accepted and received as the form of the exception.

The following sentences are from the judge's instructions to the jury: " I am not clear in my own mind about it, and if not clear I suppose it will be made clear by the Supreme Court "; and " I do not know, and I am free to say I do not know, whether that law as thus stated by the Supreme Court applies under this new statute of 1896 or not, but, until otherwise informed by the Supreme Court, I take it we have got to have some standard and some test of safety known, as we have had heretofore."

*A. P. Rugg & W. S. B. Hopkins*, for the defendant.

*C. C. Milton*, (*C. W. Saunders* with him,) for the plaintiff.

ALLEN, J. We think a somewhat broader construction should be given to the language of St. 1896, c. 540, than was given to it by the presiding justice. The Legislature obviously thought that too heavy a burden rested upon cities and towns under the previous statutes, and the statute was probably designed to exempt them from liability under such circumstances as were found to exist in *Adams* v. *Chicopee*, 147 Mass. 440, and *Hughes* v. *Lawrence*, 160 Mass. 474. Accordingly, it is now provided that " No city or town shall be liable for any injury or damage to person or property hereafter received or suffered in or upon any part of a highway, town way, causeway, or bridge, by reason or in consequence of snow or ice thereon, if the place at which the injury or damage was received or suffered was at the time of the accident otherwise reasonably safe and convenient for travellers." This must mean, we think, that a way shall not be deemed unsafe by reason of snow or ice thereon, if it would be reasonably safe and convenient for travellers but for the presence of snow or ice thereon. The second request for instructions therefore should have been given.

The plaintiff contends that the defendant did not properly save an exception upon the above point. But it appears to have been well understood, on all hands, that the defendant wished to have the construction of the statute determined by this court, in case the ruling of the presiding justice should be adverse to its contention. Under these circumstances, it was quite right to allow the exceptions, even though no statement was made in express terms that an exception was taken. The allowance of the exceptions was merely carrying out the understanding which obviously existed between the court and the counsel on both

sides; and this might be done, according to the construction which has heretofore been put upon the rule of the Superior Court. *Leyland* v. *Pingree,* 134 Mass. 367. *Thwing* v. *Clifford,* 136 Mass. 482.                              *Exceptions sustained.*