### JEANNETTE M. BAILEY *vs.* CITY OF CAMBRIDGE.

Middlesex.    March 8, 1899. — September 5, 1899.

Present: HOLMES, C. J., KNOWLTON, LATHROP, BARKER, & HAMMOND, JJ.

*Personal Injuries — Defective Way — Presence of Snow and Ice on Defect —*
*Instructions — Law and Fact.*

At the trial of an action against a city for personal injuries sustained by falling upon a ridge of earth on a crosswalk covered with snow and ice, the judge instructed the jury, in substance as requested by the defendant, that the plaintiff could not recover unless the way was not reasonably safe and convenient for travel without the presence of ice or snow, adding, " You must be satisfied that the injury which she received arose from such defective way or condition." *Held*, that the succeeding parts of the charge appearing in the bill of exceptions

were not open to the criticism that they destroyed the effect of the instruction quoted.

The notice given by an injured person to a city stated the cause of the injury to be " a defect or want of repair . . . consisting of a ridge or mound of earth with uneven and slanting sides, said ridge or mound being covered with snow and ice, and in a dangerous, slippery, and unsafe condition for travel." The declaration in an action against the city for the injury described the defect as " a ridge of earth," and alleged that the defective condition " was aggravated by reason of said ridge of earth and the sides thereof being covered with snow and ice." At the trial the plaintiff relied on such a defect and no other, and the jury found for him. *Held,* that there was no occasion for a request to rule that, "if the plaintiff seeks to recover for a defect in the way independent of snow or ice, there is a variance between the declaration and evidence, and the plaintiff cannot recover."

In an action against a city for personal injuries sustained by falling upon a ridge of earth on a crosswalk covered with snow and ice, the defendant is not entitled to have the jury instructed that, "if the accident to the plaintiff would not have happened except for the presence of ice or snow, she cannot recover."

Under the circumstances of this case it was held that whether the way upon which, while covered with snow and ice, the plaintiff fell and was injured, when bare was defective, and whether the accident was wholly or partly caused by this defect, were questions for the jury.

TORT, for personal injuries occasioned to the plaintiff by an alleged defect in a highway in the defendant city. The declaration alleged that the plaintiff on January 1, 1898, was passing as a traveller along Huron Avenue, a public street in the defendant city, using due care, when she suddenly fell on the side of a ridge of earth ; that the city was bound by law to keep the street reasonably safe and convenient for travellers to pass thereon, but the street was defective and out of repair by reason of such ridge of earth ; and that at the time of the accident the defective condition of the street " was aggravated by reason of said ridge of earth and the sides thereof being covered with snow and ice." Trial in the Superior Court, before *Hardy,* J., who allowed a bill of exceptions, in substance as follows.

The notice given by the plaintiff to the defendant and introduced in evidence, stated the cause of the accident to be " a defect or want of repair in said Huron Avenue . . . consisting of a ridge or mound of earth with uneven and slanting sides, said ridge or mound being covered with snow and ice, and in a dangerous, slippery, and unsafe condition for travel."

It appeared in evidence that Huron Avenue was a public way in the defendant city, and was intersected by a street called Buena Vista Park ; and that the accident to the plaintiff hap-

pened on the crossing of Huron Avenue with Buena Vista Park within the line of the sidewalk of Huron Avenue.

The plaintiff testified that she was walking up Huron Avenue on January 1, 1898, at about 7.30 o'clock in the evening, on the sidewalk on the side of the street upon which this crosswalk was situated ; that she fell about the middle of the crossing ; that the sidewalks that night were very slippery, and as far as she knew it was slippery all the way on the sidewalk on Huron Avenue ; that it was a cold night, and she did not see any place where it was not slippery ; that she was walking slowly and carefully, because she knew it was slippery, and was looking to see where she could step ; that she had no difficulty before reaching this crossing, and she did not see it before she stepped on it ; that it was very dark at the time ; and that, as she reached the centre of the crossing, her right foot slipped down a declivity and her left ankle struck against a ridge in the walk, and she fell, receiving the injuries complained of.

It appeared further in evidence that this crosswalk was constructed of dirt which had become hardened ; that it had been somewhat changed previously from time to time by carriages crossing it coming from and going into Buena Vista Park so that the edge next to that street slanted for some portion of the way toward it, was irregular, and curved inside of the line of the sidewalk on Huron Avenue in an irregular line ; that the soil of Buena Vista Park was of a clayey nature, and in wet weather would become muddy and get upon this crosswalk, more or less ; and that the grade of that street was lower than that of the crosswalk.

Several witnesses for the plaintiff testified as to the general appearance of the crosswalk, and that the travelled part or surface of the same was from two and one half to four feet wide towards the gutter in Huron Avenue ; that at about the centre, and where the plaintiff fell, this crosswalk had been worn away and the edge slanted and fell towards Buena Vista Park about six inches in a distance of eight inches or a foot, making a ridge about seven feet long, running in a curved course, with its side slanting toward that street ; that there was a cavity in the slope of this ridge, where the plaintiff was lying after she fell ; that the entire width of the ridge at the bottom was about four feet,

and at the top from two to three feet; and that the travelled path was on the top of this ridge, and followed a curved course along the edge thereof which sloped towards Buena Vista Park.

A witness called by the defendant, an assistant city engineer, made measurements within a short time of the accident and before any change had been made in the place in question. From his measurements it appeared that, going in the direction in which the plaintiff said she was walking on the brick sidewalk on Huron Avenue, there was a drop of two inches from the sidewalk to the surface of this crosswalk. Then proceeding in the same direction on the crosswalk on Huron Avenue seven feet, there was a rise in the grade of one and one half inches, the next seven feet to the centre of the crosswalk was level, and the next seven feet had a fall of about three and three fourths inches. From the last point the curbstone was five and six tenths feet distant, and in this distance there was a rise of a quarter of an inch; the width of the brick sidewalk on Huron Avenue was eight feet and four inches, and the average width of the cross-walk as then in use was four feet.

At the centre of the crosswalk, at the alleged place of the accident, the slope from the crosswalk to Buena Vista Park was four and seven eighths inches in the distance of eight inches at a right angle to Huron Avenue, and gradually thence the slope continued some three feet to a place about seven inches below the level of the crosswalk. The length of this depression on the inside line of the crosswalk and next to Buena Vista Park was about five feet; the edge of the crosswalk was worn away in an irregular line next to Buena Vista Park and curving into the line of Huron Avenue, the greatest curve being at the centre of the crosswalk, and at that place the extreme point of curvature was one and seven tenths feet within the line of the sidewalk of Huron Avenue. The average grade of the crosswalk was a trifle above that of the brick sidewalk from which the plaintiff stepped.

Witnesses called by the plaintiff testified that this ridge and the slope thereof toward Buena Vista Park had been in that same condition for as much as six months continuously prior to the accident. One witness testified that he remembered seeing it in the same condition in November, 1897, with the same slant-

ing and irregular sides, when there was no snow or ice upon it. There was also evidence that, during all this time, teams had been in the habit of going in and out of Buena Vista Park on to. Huron Avenue and across this crosswalk.

It appeared that the neighborhood was well settled and Huron Avenue had considerable travel thereon.

It also appeared in evidence that upon the evening in question the sidewalks over the whole city were covered with a thin coating of ice ; and that it had.rained the night before and then had become cold, and continued so during the first day of January, and up to the time of the accident.

The defendant asked the judge to rule as follows :

" 1. The plaintiff cannot recover, unless the jury find that, independently of any ice or snow, the way was not reasonably safe and convenient for travellers. 2. If the plaintiff seeks to recover for a defect in the way independent of snow or ice, there is a variance between the declaration and evidence, and the plaintiff cannot recover. 3. If upon the declaration and evidence the jury find that the plaintiff was not injured by any defect independent of ice or snow, she cannot recover. 4. If the accident to the plaintiff would not have happened except for the presence of ice or snow, she cannot recover. 5. Upon the evidence in this case the plaintiff cannot recover."

The judge gave the first ruling requested, in the form as hereinafter stated, but refused to give the other rulings asked for by the defendant ; and, among other things, instructed the jury as follows :

" Under the statute of 1896 the law has been changed. It was considered that too great a burden was imposed upon cities and towns under the old law to enable them to meet these sudden changes in temperature during the winter season ; that there might be cases where a street was properly. constructed, was reasonably safe and convenient for travel previously to the formation of ice or snow that could not be remedied even by the use of reasonable care and diligence ; therefore a law was made which exempted a city from liability for snow and ice, or for damages arising from snow and ice, in places that were reasonably safe and convenient for travel. But it did not exempt cities and towns from all liability by reason of the formation of snow and

ice upon the public streets. There still was left under this statute a liability which a town might be subject to, in case ice and snow should be placed or should appear on a place in a public street that was not reasonably safe and convenient for public travel. . . . Now you are left to consider three important issues. One issue is, was there a defect in the public way, and if so, was it a defect for which the city of Cambridge can be made liable. The next issue, was the plaintiff in the exercise of due care ; and if you find for the plaintiff on those two issues, the next question is, what is the amount of damages you will give her by reason of this injury.

" Now the first important question to consider is whether there was a defect in the way ; and after you have considered that, then the next question is, was it a defect for which the city of Cambridge could be made liable under the statutory law. As I have explained to you in a general way, it was the duty of the city of Cambridge to make its public ways reasonably safe and convenient for public travel. It must be reasonably safe and convenient for the traveller who is using ordinary care in passing over that street. . . . It is the question whether or not there was a condition as described by the witnesses for the plaintiff, or whether it was a crosswalk as described by the witnesses for the city of Cambridge. . . . You have heard evidence on the part of the plaintiff tending to show that there was a ridge, what was the width of that ridge at the bottom and what was its width at the top, what was the shape of the pathway, how wide it was at the top, what was its course, whether straight or crooked, and there was some evidence tending to show a depression on the side of this path next to Buena Vista Park. Now it is for you to say whether the plaintiff has satisfied you by a fair preponderance of the evidence that there was such a state of things and such a condition of affairs ; whether there was a depression. And the next question is, if you find that she has sustained that burden, whether that was a defect ; was it a condition of things which was consistent with the reasonable and safe use of the public street ? Now in using what is called reasonable care in providing against a defect, the city must take into consideration the uses of the street, the circumstances, the amount of public travel there may be over the street at that point, what has been the

travel there, what is the population in the vicinity. What might not be a defect in a town where there were few inhabitants might be considered by the jury as a defect in a street in a thickly populated city, and it is for you to say from all the circumstances here whether you find on all the evidence by a fair preponderance of that evidence that it was by reason of the shape of the way, or by reason of the declivity or the depression, a defect.

" Now you come to the next and important question in this case, wherein there are some important questions of law arising under this new statute. It is admitted here by the witnesses on the part of the plaintiff as well as the defendant that over this ridge and in this depression, if there was one, there was a coating of ice varying from three quarters of an inch to an inch in thickness; that this coating of ice had been formed during the previous night, or during the previous day. Now, under the statute of 1896, if you should find that there was no depression in that street, or if you should find that there was no ridge at that point which rendered this street unsafe and inconvenient for travel, and there was a mere coating of ice over that street and over that crosswalk and the plaintiff suffered injury as described · here, she would not be entitled to recover, even though she fell upon the walk, and even though you should find that she suffered this severe injury. You must find, in order to entitle the plaintiff to recover, and you must find it by a fair preponderance of the evidence on the part of the plaintiff, that it was not reasonably safe and convenient for public travel, independently of the snow and ice that was upon it. That is, supposing there were not snow and ice upon it on the first of January, 1898, at the time when she fell, you must find that in that condition it was then not reasonably safe and convenient for travel.

" Now what is meant by reasonably safe and convenient for travel is almost entirely a question of fact. It is to be construed in the light of the instructions I have just given you, as to the circumstances of the use of the way. You must consider not what would be slightly inconvenient, but it must be in such a state of inconvenience that it would be a burden upon a traveller using due care to attempt to pass over that way. It must be in such a state of unsafety that a traveller would be liable to suffer injury in passing over it while using due care.

" Now in order to entitle the plaintiff to recover, if you are satisfied on all the evidence that it was not reasonably safe and convenient for travel without ice or snow, you must be satisfied that the injury which she received arose from such defective way or condition. I am asked to instruct you that if you are satisfied that she slipped by reason of snow and ice, even if you should find that the way was defective or was not in proper condition or reasonably safe and convenient for travel, then she would not be entitled to recover. I cannot give you that instruction. You must be satisfied that the injury arose from the defective condition of the street; that without snow or ice upon that spot where she fell, this street was not reasonably safe and convenient for public travel. But I cannot instruct you as matter of law that because ice and snow were upon that particular point it would be any the less defective or the city would be any the less liable for injuries suffered by a passenger over that point. It is for you to say, if you find that the street was unsafe for travel or not convenient for travel, and not made reasonably safe and convenient for travel at that point, whether ice and snow upon that point would render it safer and more convenient for public travel, and if you are satisfied that the plaintiff received the injury from the crosswalk being in the condition in which I say that you must find it, if you find for the plaintiff, and if you also find in addition to that that the ice imposed upon that point aided or assisted or aggravated the cause of the injury and she suffered injury from the sidewalk being in that condition, even if ice and snow were imposed upon it, then she would be entitled to recover, if she were in the exercise of due care.

" Now I am also asked to instruct you that you must be satisfied that she would have received this injury from this condition of the street at that point, if there had been no ice or snow upon it. I don't think that I can call upon you to make any conjectures of that kind. The question is, what was the condition of the street at that point; what was its condition if there had been no snow or ice upon it; was it reasonably safe and convenient for public travel ? If so, then you must find a verdict for the defendant. If not, it is not for me to instruct you that you must find whether or not she would have fallen at that point if there had been no snow or ice upon it. It is for you to say whether

with that condition of the street she suffered injury by reason of the additional weight of snow or ice upon it, or by its condition as aggravated by snow or ice upon it, and if you are satisfied that she received the injury from that condition of things and she was in the exercise of due care, then the plaintiff is entitled to recover."

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*G. A. A. Pevey*, for the defendant.

*D. T. Dickinson*, for the plaintiff.

HAMMOND, J. In order to recover it was necessary for the plaintiff to prove, among other things, not only that the way when bare was defective, but also that the accident was due, in part at least, to the operation of this defect as such. *Newton* v. *Worcester, ante*, 181. The court so instructed the jury, giving in substance the first ruling requested, and adding thereto the following: "You must be satisfied that the injury which she received arose from such defective way or condition." The defendant insists that this instruction was so mystified and qualified by the succeeding parts of the charge as to destroy the effect of the ruling. Without herein reciting the parts of the charge alluded to it is sufficient to say that we see no just ground for such criticism. These principles were stated to the jury with sufficient clearness and fullness.

There was no occasion for the second request. In the notice given by the plaintiff to the city the cause of the accident was stated to be "a defect or want of repair . . . consisting of a ridge or mound of earth with uneven and slanting sides, said ridge or mound being covered with snow and ice, and in a dangerous, slippery, and unsafe condition for travel." The declaration describes the defect as "ridge of earth," and avers that the defective condition "was aggravated by reason of said ridge of earth and the sides thereof being covered with snow and ice."

At the trial the plaintiff relied upon such a defect and no other, and under the instructions of the court the jury must have found the existence of such a defect.

The matter contained in the third request was sufficiently covered by the instructions given under the first.

The court rightly declined to give the fourth ruling requested. It is not a correct statement of the law.

The question in these cases is not whether the accident would have happened if the ground had been bare, but whether, there being a defect in the bare ground, the accident was due wholly or in part to such defect as an operating cause.   *Newton* v. *Worcester, ubi supra.*

As to the last request we are of opinion that whether the way when bare was defective, and whether the accident was wholly or partly caused by this defect, were questions for the jury.   We do not understand that the defendant contends that as to all the other material parts of the case there was not evidence upon which the plaintiff had the right to go to the jury.

*Exceptions overruled.*