JAMES E. McCABE *vs.* INHABITANTS OF WHITMAN.

Plymouth.    January 3, 1905. — March 3, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & LORING, JJ.

*Way*, Defect in highway.    *Practice, Civil*, Exceptions.

In an action for injuries incurred in midwinter from an alleged defect in a high-
way, the judge gave an instruction quoted from the charge to the jury in *Bailey*
v. *Cambridge*, 174 Mass. 188, as follows: "You must find, in order to entitle the
plaintiff to recover, and you must find it by a fair preponderance of the evidence
on the part of the plaintiff, that it was not reasonably safe and convenient for
public travel, independently of the ice and snow that was upon it." *Held*, that
this gave in substance a ruling which had been requested by the defendant, the
court making no comment on the correctness of the proposition stated.

An excepting party, who has not excepted to the judge's charge, on the argument
of exceptions to the refusal of his requests for instructions cannot complain of a
sentence used by the judge in his charge.

TORT for injuries incurred on the night of January 13, 1903,
from an alleged defect in a sidewalk of a public way leading from
Washington Street to South Avenue in the town of Whitman
and called Park Avenue.    Writ dated March 3, 1903.

At the trial in the Superior Court before *Holmes*, J. the jury
returned a verdict for the plaintiff in the sum of $100; and the
defendant alleged exceptions to the refusal of the judge to make
certain rulings requested by it.    The first ruling requested by

the defendant which is held by the court to have been given in substance was as follows: "The plaintiff cannot recover unless the jury find that, independently of any ice or snow, the way was defective, and this defect was the cause of the injury to the plaintiff."

*E. O. Achorn,* for the defendant.

*W. J. Coughlan & J. J. Geogan,* for the plaintiff.

LORING, J. 1. We are of opinion that the first ruling requested was given in substance in these words: "You must find, in order to entitle the plaintiff to recover, and you must find it by a fair preponderance of the evidence on the part of the plaintiff, that it was not reasonably safe and convenient for public travel, independently of the ice and snow that was upon it." These words are found in a part of the charge in *Bailey* v. *Cambridge,* 174 Mass. 188, read to the jury by the presiding judge in the case at bar, as a correct statement of the law.

2. No exception was taken to the charge. For that reason it is not open to the defendant to complain of the sentence which it now complains of, namely, "But if there was a defective condition there when the ground was bare, clear of snow and ice, and the snow and ice upon it at the time of the alleged injury created a condition which contributed to the defective condition already there to cause the plaintiff to meet with the accident, then the town would be liable if the plaintiff was in the exercise of due care and the condition was such as constituted a defect, both combined."

3. The ground on which the defendant contends that it was entitled to a verdict as matter of law is that the depression, if any, was a part of the gutter outside of the sidewalk across which the plaintiff was walking. But the plaintiff testified that he fell into the depression when walking across the sidewalk; another of his witnesses testified that "there was a depression that extended almost to the inside of the sidewalk," and another that the "gully was about three or four feet long on the centre of the walk."

*Exceptions overruled.*