MARY E. HADDEN, administratrix, *vs.* CITY OF SOMERVILLE.

Middlesex.   November 19, 1907. — February 28, 1908.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & RUGG, JJ.

*Way,* Defect in highway. *Ice and Snow.*

Under R. L. c. 51, § 19, providing that a city or town shall not be liable for an injury upon a way "by reason of snow or ice thereon," an excavation four feet in length and about one and a half feet in depth cut through the snow and ice above the surface of a street of a city, near the curb, for the purpose of allowing surface water to drain into a catch basin, cannot be found to be a defect in the way.

TORT under R. L. c. 51, § 17, by the administratrix of the estate of Thomas H. Hadden to recover for his death by reason of an alleged defect in Washington Street in the city of Somerville.   Writ dated April 29, 1904.

In the Superior Court the case was tried before *Sherman, J.* The following facts appeared from the evidence at the trial. Washington Street at the time of the accident was a public way, extending from Cambridge through Somerville to Boston, and at the place of the alleged defect was fifty-five feet in width be-

tween the edgestones of the sidewalks. Two lines of street rail-
way tracks occupied fourteen feet in the centre of the street.
There was much snow and ice at the sides of the roadway. On
the right hand side going toward Boston was a catch basin for
receiving surface water from the street. It was situated beneath
the sidewalk and had an opening through the lower part of the
edgestone. In front of the opening a hole had been dug through
the snow and ice for the purpose of allowing the surface water to
enter the catch basin. This hole constituted the alleged defect
or want of repair complained of. There was evidence from which
the jury could find that it was there for a day or two before the
accident. It was about four feet in length along the edgestone
and about one and a half feet in depth, and extended about one
and one half feet from the edgestone. The catch basin was con-
nected with the general sewerage system of the city in order to
allow the surface water to pass away but it was not constructed
or maintained for the benefit of the sewerage system. No reve-
nue or assessments accrued to the city in connection with the
construction or maintenance of the catch basin.

The plaintiff's intestate at the time of the accident was driv-
ing in the daytime toward Boston in the car tracks on Washing-
ton Street in a two horse covered wagon. The horses became
frightened at a heap of steaming manure on the left hand side of
the street and shied toward the right. There was evidence from
which the jury could find that the plaintiff's intestate was in the
exercise of due care, that the wheels of the wagon entered the
hole at the catch basin, that the wagon tipped over and that he
thereby received injuries from which he died. Due notice of the
time, place and cause of the injury was given to the defendant.

The foregoing was all the material evidence in the case.

At the close of the evidence, the defendant asked the judge to
rule that upon all the evidence the plaintiff was not entitled to
recover. He refused to make this ruling, but privately informed
counsel for both the parties that in his opinion the plaintiff was
not entitled to recover, but that he would submit the case to the
jury, and if a verdict should be given in favor of the plaintiff
he would order the verdict set aside and report the case. The
jury returned a verdict for the plaintiff, and the judge reported
the case for determination by this court. By agreement of the

parties, if upon the foregoing evidence the plaintiff was entitled to recover, judgment was to be entered for the plaintiff in the sum of $900; otherwise, judgment was to be entered for the defendant.

*F. W. Kaan,* for the defendant.

*E. R. Anderson & A. Lincoln,* for the plaintiff.

BRALEY, J. This is an action under R. L. c. 51, § 17, to recover damages for the death of the plaintiff's intestate, to be assessed with reference to the degree of the defendant's culpability. If the right given by this section is independent of the right given by § 18 to recover compensation for conscious suffering during his lifetime, caused by an injury received from a defective highway, under either section the plaintiff must prove that the municipality failed to maintain the way in a reasonably safe condition for the use of travellers. *Bowes* v. *Boston,* 155 Mass. 344. It is undisputed that, when bare, the street was in suitable repair, and the principal question is, whether an opening four feet in length, and about one and a half feet in depth, excavated through snow and ice, near the curb, for the purpose of allowing surface water to drain into a catch basin, constituted a defect for which the defendant is responsible. The answer turns upon the construction to be given to R. L. c. 51, § 19, which relieves cities and towns from liabilities for injuries caused by snow or ice thereon, if the portion of the way where the accident happened was at the time otherwise reasonably safe and convenient for travel. Before the statute, if in consequence of public travel over accumulated snow or ice the surface became rough and uneven to such an extent as to render its use dangerous, the way might be found defective. *Stanton* v. *Springfield,* 12 Allen, 566. But while this liability no longer exists, the plaintiff contends that the defendant is not within the exemption, as the statute was not intended to say that an artificial condition created by the municipality, or by a volunteer of whose acts it could be found to have had constructive notice, for the express purpose of draining the streets of water from melting snow and ice, may not create an actionable defect. The argument accordingly is, that it was not merely snow and ice from climatic causes, or as changed into unnatural formations arising from the exigencies of public use, into which the wheels

of the intestate's wagon sank, but they passed into a hole or channel which was none the less an artificial obstruction, even if the sides may have been formed of snow and ice more or less compacted. But if the temporary channel itself was neither produced by a natural formation of snow and ice, nor as the result of the use of the street, yet the accident would not have happened but for these elements. The efficient cause within the meaning of the statute was no less decisive, because aided by human agency, than if the channel had been formed by the pressure of the water forcing an opening for itself, when of course the defendant would not have been liable. In the recent case of *Newton* v. *Worcester*, 174 Mass. 181, which was followed in *Bailey* v. *Cambridge*, 174 Mass. 188, it was said by Mr. Justice Hammond, " We think the proper and only reasonable interpretation of the statute is, that whenever ice or snow is the sole proximate cause of the accident, there shall be no liability, but where at the time of the accident there is any other defect to which as a proximate cause the accident is in part attributable, there may be a liability notwithstanding the fact that it also may be attributable in part to the ice or snow." In the practical application of this construction, it further was said, ". . . the attention is to be directed to the actual physical condition of the way for the purpose of ascertaining whether there is at the time any other danger to the steps of the traveller than that arising from the presence of ice or snow. If there be no other danger, then for the time being the way is ' otherwise reasonably safe and convenient." The " other danger " referred to is some defect either in its structural condition or an obstruction to travel which exists independently of snow or ice. If left as precipitated, or as subsequently affected by climatic action alone or the passing of travellers, neither creates a defective condition, even if thereby a public thoroughfare becomes dangerous. But a city or town is subject to indictment and fine, if it neglects to maintain a highway when encumbered with snow in a reasonably suitable condition for the use of the public. R. L. c. 51, § 23. It would measurably reimpose the liability, which in the broadest terms has been abolished by the statute, if the removal by any reasonably safe method of an obstruction arising solely from the existence of snow or ice, in some stage of

natural formation, where except for their accumulation the highway is roadworthy, were held to create an actionable defect. In the extreme and sudden changes of our winter climate, the proper performance of this duty, under § 10, which requires surveyors and road commissioners to cause snow to be removed or so trodden down as to make the ways reasonably safe and convenient, may often demand that they should be temporarily drained, or else they may become not only unsafe but impassable. *Loker* v. *Brookline*, 13 Pick. 343, 346. *Kidder* v. *Dunstable*, 11 Gray, 342, 343. The provisions of § 19 should be construed with §§ 10 and 23, as forming a consistent system whereby cities and towns are exempted from actions by travellers who may be injured because the way has become obstructed by snow or ice, while in the interest of the public a penalty is imposed, if their statutory duty to remove the obstruction is either wholly neglected or negligently performed. It, therefore, cannot be said, that an artificial opening for the purpose of drainage, made through the snow or ice but not extending below the surface of the soil, whether done by the public authorities or by some one for whose acts the city could be found liable, renders the street dangerous in the sense that it constitutes either a defect in the roadway or an obstacle to travel for which the defendant should be held responsible in damages. If the practical working rule which we have adopted as following such a construction is too strict in its limitation of the right of recovery, the Legislature has the power to change it.

*Judgment for the defendant.*