HENRY R. HITCHCOCK vs. CITY OF BOSTON.

Norfolk.    January 20, 1909. — February 26, 1909.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Way*, Defect in highway.   *Nuisance.*

Under R. L. c. 51, § 19, a city or town is not liable for an accident caused solely by
the existence of snow or ice in a street, although by the hand of man it has been
built into a very dangerous form in the travelled part of the way, and constitutes
a nuisance for which the person who created it probably is liable.

TORT against the city of Boston for personal injuries incurred
by the overturning of the plaintiff's sleigh by coming in contact
with structures of snow or ice on Poplar Street in that part of
Boston called Roslindale at about six o'clock in the morning
of February 4, 1905.   Writ dated March 16, 1905.

At the trial in the Superior Court before *Lawton*, J., it ap-
peared that the accident happened in the manner described in
the opinion.   It was agreed that the plaintiff was in the exercise
of due care.   The defendant admitted that Poplar Street was
a public way at the time of the accident, that the structures
were erected and were allowed to remain for several days before
the accident and that the defendant had notice that they were
upon the way; also that due notice was given to the defendant
of the time, place and cause of the injury.

The judge ruled that the action could not be maintained, as it
was within the provisions of R. L. c. 51, § 19, and reported the
case for determination by this court.   If the ruling that the case
came within the provisions of the R. L. c. 51, § 19, was correct,
final judgment was to be entered for the defendant; if that ruling
was not correct, judgment was to be entered for the plaintiff in
the sum of $2,000.

*H. P. Hew*, (*E. C. Jenney* with him,) for the plaintiff.

*J. D. McLaughlin*, for the defendant.

KNOWLTON, C. J.   The R. L. c. 51, § 19, is as follows: " A
county, city or town shall not be liable for an injury or damage
sustained upon a way, causeway or bridge by reason of snow or
ice thereon, if the place at which the injury or damage was sus-

tained was at the time of the accident otherwise reasonably safe and convenient for travellers."

The plaintiff's action was brought to enforce the statutory liability of cities and towns for defects in their streets or highways. The injury to the plaintiff was caused by two large piles of snow on the street, one on each side of the travelled path, one built to represent an Esquimo house and the other to represent a fort. Both of these were strongly built and somewhat coated with ice. The plaintiff's horse was frightened and shied, bringing the runner of the sleigh upon one of these obstructions in such a way as to throw the horse down and injure the plaintiff. There was no evidence of any defect in the street other than these piles of snow.

The liability which the plaintiff seeks to enforce is purely statutory. In some jurisdictions there is no liability of a city or town for an accident caused by a defect in a street. For reasons satisfactory to the Legislature, the general liability for defects in ways in Massachusetts does not extend to injuries resulting from snow or ice in a street. The present is an extreme case of a very dangerous condition of a street, resulting entirely from snow and ice previously manipulated by human agency. Doubtless these great piles, in such close proximity to each other and to the travelled part of the way, constituted a nuisance. Probably the person or persons who created the nuisance would be liable for an injury directly resulting from it. The liability or non-liability of the city depends upon whether an exception to the language of the section can be read into the statute.

This provision has been construed very broadly. It applies to every case where the dangerous condition of the street is caused entirely by snow or ice. *Hadden* v. *Somerville*, 197 Mass. 480. *Newton* v. *Worcester*, 174 Mass. 181; *S. C.* 169 Mass. 516. *Bailey* v. *Cambridge*, 174 Mass. 188. In all the discussions of the statute it has been assumed by the court that it was entirely immaterial what agencies intervened to produce the condition in which the snow and ice was found at the time of the accident. It is very plain that the section was not intended to apply only to snow and ice in its natural state, with its condition unaffected by extraneous causes; for in most cases when it makes a street

dangerous, it is because of that which is produced in it by travelling or other causes, after it first appears on the ground. In the case first above cited the snow was dangerous by reason of the digging of a channel in it. It would be impracticable so to construe the statute that the city or town would be free from liability when changes in the snow or ice are produced by some causes, and would be subject to liability when they are produced by other causes.

We feel constrained to follow the previous decisions, and to hold that there is no liability for an accident caused solely by the existence of snow and ice in a street, even if it was put into a very dangerous form by the hand of man.

*Judgment for the defendant.*