ASSERINA NEILSON *vs.* CITY OF WORCESTER.

Worcester.    September 29, 1914. — October 23, 1914.

Present: RUGG, C. J., BRALEY, SHELDON, DE COURCY, & CROSBY, JJ.

*Way,* Public: defect in highway.    *Ice and Snow.    Proximate Cause.*

Where a city, under an order of the city council, built an iron railing at the outer
line of a sidewalk of a street that began with a steep grade "as an assistance in
making the ascent or descent of that street in times of snow or ice," and after-
wards removed the railing for four or five feet at the lower end of the street,
and thereafter a woman came down the hill holding on to this railing, and when
she came to the end of the railing started to cross the remaining part of the
sidewalk and, stepping on an accumulation of ice there, fell and sustained
injuries, she cannot recover from the city for her injuries by reason of the re-
moval of the portion of the railing, because, the city having been under no
obligation to erect or maintain this railing, its removal could not constitute
a defect in the way. ·

Where the sidewalk of a city street at the foot of a steep grade was constructed
with a slight depression in the centre from one and a quarter to one and a half
inches below the outside edge of the sidewalk for the purpose of carrying away
surface water, and on a winter evening a woman fell and was injured by reason
of ice that had formed in this depression, it was *held,* that under the provision
of R. L. c. 51, § 19, the city was not liable for her injury, because this slight
depression for the purpose of carrying off water could not be found to have
been a defect in the absence of snow or ice and the ice must be found to have
been the sole proximate cause of the accident.

In an action against a city by a traveller for injuries caused by slipping on ice
that had formed in a depression in the sidewalk of a highway of the defend-
ant, the depression cannot be found to have been a proximate cause of the
accident merely because its existence was the occasion of the accumulation of ice.

TORT under R. L. c. 51, § 18, for personal injuries alleged to
have been sustained by reason of a defect in the sidewalk on the
north side of George Street, a public way of the defendant, near
its intersection with Main Street, on the evening of December
12, 1910.    Writ dated January 26, 1911.

In the Superior Court the case was tried before *Sanderson,* J.
At the close of the plaintiff's evidence, which is described in the
opinion, the judge ruled that there was not sufficient evidence
to warrant a finding for the plaintiff, and ordered a verdict for
the defendant.    The plaintiff alleged exceptions.                    .

*M. M. Taylor,* (*M. C. Taylor* with him,) for the plaintiff.
*C. S. Anderson,* for the defendant.

CROSBY, J.  This is an action under R. L. c. 51, § 18, to re-
cover for personal injuries received by the plaintiff by reason of
falling upon a sidewalk on the northerly side of George Street,
a public way in the defendant city.  George Street runs westerly
from Main Street, and its grade rises from Main Street over
three feet in the first twenty-five feet and fifteen feet in the
first one hundred feet.  The plaintiff fell upon the sidewalk at a
point eight or ten feet from the intersection of George Street with
the west line of Main Street, and nearly at the foot of the grade.
The sidewalk was constructed with a slight depression in the
centre running up the hill, for the purpose of conveying away
water which came upon the sidewalk.

There was evidence to show that from Main Street for the
first ten feet the sidewalk was of concrete, and that in the surface
of the walk cobblestones of different sizes were embedded, some
of which had been worn smooth and some projected a little way
above the surface, — one of them, a large cobblestone, standing
up one inch above the surface of the walk.

The evidence further showed that an iron railing had been
constructed along the outer edge of the walk; that it was erected
in the year 1896, by order of the city council, "as an assistance in
making the ascent or descent of that street in times of snow or
ice."  This railing, when originally erected, extended along the
walk from the intersection of George Street with Main Street,
but at the time of the accident the lower end of it, for a distance
of four or five feet, had been removed.  The plaintiff testified
that she had hold of this railing as she descended the hill, and
when she reached the end of the railing she started to cross to
the northerly side of the walk, stepped upon an accumulation
of ice, and fell, receiving the injuries complained of.

1.  The city was under no legal obligation to erect the railing
or to maintain it afterwards; and the fact that a portion of it
had been removed did not create any liability on the part of
the defendant.  It was not such a railing as may be required
under R. L. c. 51, § 18, but apparently was constructed for
the convenience and assistance of travellers upon the street
and not in the performance of a legal duty.  It is plain that
the removal of a portion of it did not constitute a defect in the
way.

2.  The plaintiff contends that the sidewalk was defective by reason of the depression caused by the channel in the centre.

The immediate cause of the plaintiff's fall was the presence of slippery ice upon the walk at the place where she attempted to cross over. Since the passage of St. 1896, c. 540, now R. L. c. 51, § 19, a city or town is not liable for an injury received upon a way by reason of snow or ice thereon, "if the place at which the injury was sustained was at the time of the accident otherwise reasonably safe and convenient for travellers."

One Thompson, a civil engineer, testified that he made measurements of the walk about three years after the accident, and that "the width of the sidewalk between the buttress and the south edge of the curb is close to four feet; then the path covered with concrete is three foot six inches, the curb being six inches wide." This witness also testified that the method adopted by him in making measurements for the purpose of ascertaining the depression in the walk was by laying a straight edge from the curb to the northerly line of the street; and that such measurement indicated a depression in the centre of the walk, at a point where the plaintiff testified she fell, of from one and a quarter to one and a half inches.

When the steep grade upon this street is considered, we do not think that so slight a depression in the walk, made for the purpose of carrying away surface water, could be found to be a defect in the absence of snow or ice, and that the latter must be found to be the sole proximate cause of the accident. We are of opinion also that, if the depression could be found to be a defect, it was not operative as such at the time of the accident, and was not, either wholly or in part, the proximate cause of it. Further, the plaintiff is precluded from recovering by the law as stated in *Newton v. Worcester,* 174 Mass. 181, in which Hammond, J., used the following language (p. 187): "We think the proper and only reasonable interpretation of the statute is, that wherever ice or snow is the sole proximate cause of the accident, there shall be no liability, but where at the time of the accident there is any other defect to which as a proximate cause the accident is in part attributable, there may be a liability notwithstanding the fact that it also may be attributable in part to ice or snow. This other defect, however, is not a proximate cause within the

meaning of this rule, simply because it causes the accumulation of the ice or snow."

3. As to the contention that the ice upon the walk was caused by water which the city allowed to come from the adjoining building and discharge upon the walk, without considering other objections to this claim, there is no evidence to show that the ice upon which the plaintiff fell was caused by water which came from this building. The only testimony upon this matter came from the witness Thompson, who described the conditions as they existed three years after the accident.

4. The plaintiff further contends that the street was defective because of a large cobblestone which "stood up one inch above the surface of the walk" in the vicinity of the place where the plaintiff fell, and that it was rough and uneven. But there was no evidence to show that the plaintiff's fall was caused by this stone, or that it constituted a defect that contributed as a proximate cause either in whole or in part to the plaintiff's injury.

We do not think the jury would have been warranted in finding upon the evidence that this sidewalk, when bare, was not reasonably safe and convenient for travellers. *Newton* v. *Worcester,* 169 Mass. 516; S. C. 174 Mass. 181. *Bailey* v. *Cambridge,* 174 Mass. 188. *Hadden* v. *Somerville,* 197 Mass. 480. *Hitchcock* v. *Boston,* 201 Mass. 299.

The ruling of the judge of the Superior Court was correct.

*Exceptions overruled.*