WILLIAM A. DOWD *vs.* CITY OF BOSTON.

Suffolk.    January 25, 1927. — January 26, 1927.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & WAIT, JJ.

*Way*, Public: defect.    *Ice and Snow.*

At the trial of an action under G. L. c. 84, § 15, for personal injuries re-
sulting when the front wheel of a motor vehicle driven by the plaintiff
went into a hole in a public way in Boston, it appeared that the way was
twenty-five feet wide from curb to curb with curbstones about six
inches high, that the street was covered with snow and ice, which was
seven or eight inches high, that there were holes and hollows in the ice
in different places in the street, and that it was uneven; and there was
evidence that the alleged defect was three feet wide and four feet long
and ten to twelve inches deep, with about six or seven inches of it
composed of snow and ice, "and the rest of it was whatever was under-
neath that snow and ice and extended down into the street to the top
of a paving, which was in the said street." *Held*, that there was no
evidence that the way, apart from the snow and ice, was defective and
that therefore by reason of the provisions of G. L. c. 84, § 17, there
could be no recovery.

TORT under G. L. c. 84, § 15, for personal injuries received
when a front wheel of a motor vehicle driven by the plaintiff
went into a hole in Austin Street in that part of Boston
commonly known as Charlestown.   Writ dated January 7,
1924.

In the Superior Court, the action was tried before *Du-
buque*, J., who, at the close of the evidence, ordered a verdict
for the defendant.   The plaintiff alleged exceptions.

G. L. c. 84, § 17, reads as follows: "A county, city or town
shall not be liable for an injury or damage sustained upon a
public way by reason of snow or ice thereon, if the place at
which the injury or damage was sustained was at the time
of the accident otherwise reasonably safe and convenient
for travelers."

*J. L. Sheehan*, for the plaintiff, submitted a brief.

*A. J. Casey*, Assistant Corporation Counsel, for the de-
fendant.

BY THE COURT. This is an action of tort for personal injuries received by reason of an alleged defect in a public way. The testimony tended to show that the injuries of the plaintiff resulted from the fact that the front wheel of the plaintiff's "automobile truck went into a hole . . . about three feet by four feet long, and there was snow and ice in the hole. The hole was about ten or twelve inches deep and about six or seven inches of the depth of the hole was composed of snow and ice, and the rest of it was whatever was underneath that snow and ice and extended down into the street to the top of a paving, which was in the said street. Practically the whole of the hole . . . was composed of snow and ice, and when he [the plaintiff] went into the ice and snow, it seemed to give way." The way at this point was about twenty-five feet from curb to curb and the curbstones about six inches high. "The street was covered with snow and ice, which was seven or eight inches high, and there were holes and hollows in the ice in different places in the street, and it was uneven." There was no evidence that the way apart from the snow and ice was defective. G. L. c. 84, § 17. *Newton* v. *Worcester,* 169 Mass. 516; *S. C.* 174 Mass. 181. *Neilson* v. *Worcester,* 219 Mass. 88.

*Exceptions overruled.*