*Western District*
No. 65 T 603
## IDA SLONIMSKY

v.

## CITY OF SPRINGFIELD

Argued: Jan. 16, 1967   Decided: March 27, 1967

Tried to *Donohue, J.* in the District Court of Springfield No. 65 T 603

*Present:* Garvey, P.J., Levine, Allen, J.J.

*Levine, J.* This is an action of tort under G. L. c. 84, § 15 to recover for personal injuries received by the plaintiff by reason of falling in the defendant city, upon a public sidewalk on which snow and ice had accumulated. The answer is a general denial; an allegation that the plaintiff's accident was due to her own lack of due care; that the locus of the accident was not a part of the public way and a demand that the plaintiff prove that her injuries were received on a public way.

There was a finding for the plaintiff in the sum of $4,000.00. The defendant stipulated prior to trial that it would withdraw the defense that the locus of the accident was not part of the public way and agreed that the sidewalk in question was a public way. Copies of the plaintiff's notice to the defendant and the defendant's reply to the plaintiff's attorney were introduced in evidence without objection. No question as to the sufficiency of the plaintiff's notice to the defendant is raised by the appeal.

*The evidence tended to show that* on February 25, 1964 at about 4 p.m. the plaintiff was walking in a northerly direction along Belmont Avenue, in the City of Springfield carrying

some packages; that when she was in front
of No. 477, she fell down on the public sidewalk
and remained where she fell until her daughter
came upon the scene; that the place where she
fell was about one foot south of a concrete
walk leading to the front steps of the premises
at No. 477 Belmont Avenue; that the area of
the sidewalk where she fell contained an ac-
cumulation of water; that the depth of the
water was two inches at its deepest point; that
there was ice on the sidewalk underneath the
water.

There was testimony from a witness that
on the day after the accident, there was some
snow, ice, and water on the sidewalk; that
about one foot south of the southerly line of
the walk leading to the front steps of the
house at No. 477 Belmont Avenue, where two
slabs of the public way come together, there
was an area about *two feet long* extending from
the roadside edge of the public way towards
the said premises, where the adjacent sidewalk
slabs were not at the same height. The maxi-
mum depth of this differential was *one and
one-half inches.*

There was other testimony from the owner
of the premises referred to above, that he had
owned the premises for a number of years;
that in 1960 or 1961 he notified the defendant
city that the roots of a tree were raising one
slab of the public sidewalk above another in
front of his premises; that this condition

existed *about one foot south* of the walk lead-
ing from the public sidewalk to the front steps;
that the differential in elevation in 1960 or
1961 was about *one half an inch;* that this con-
dition was patched in 1961 or 1962; and that
when he next saw this area of the public way
the day after plaintiff's accident, *some of the
patch was missing.*

Several photographs of the locus of the acci-
dent, together with a diagram of the area in
question, were introduced in evidence by the
plaintiff. All exhibits introduced at the trial
are made a part of the report. No question is
raised by the appeal in regard to the amount
of the award.

At the close of the trial, the defendant filed
eleven requests for rulings of law. The trial
judge allowed requests numbered 8 and 10 and
denied the other nine. The trial judge found
the following facts:

"This is an action of tort for personal in-
juries. It is a proceeding remanded to the Dis-
trict Court pursuant to the provisions of Gen-
eral Laws, Chapter 231, Section 102(c) as
amended. The plaintiff was walking on the east
sidewalk of Belmont Avenue in Springfield
near the entrance to No. 477 Belmont Avenue.
I find as follows:

1. The sidewalk was raised as a result of the
growth and expansion of a tree root to the ex-
tent that the concrete section of the sidewalk
was raised; that this was a defect; this defect

was covered by melted snow which had formed a water puddle; and that the defect was the direct cause of injury.

2. The defendant knew or should have known of the existence of this defect.

3. The parties agreed before trial that the defendant received proper notice and that the sidewalk was a public way.

I find for the plaintiff and assess damages in the amount of four thousand (4,000) dollars.''

The defendant claiming to be aggrieved by the refusal of the trial judge to grant and apply its requests for rulings numbered 1, 2 and 5 set out below, claimed this report.

There was no error in the trial judge's denial of the following requests for rulings of law:

> 1. The plaintiff has failed to sustain the burden of proving that the alleged defect was operative—that is in part a proximate cause of her falling at the time of her accident.
>
> 2. The sole and proximate cause of the plaintiff's accident was the snow and ice on the sidewalk where she fell.
>
> 5. The plaintiff has failed to sustain the burden of proving that the defect in question had existed long enough so that the defendant knew or should have known of its existence.

G.L. c. 84, § 17, provides that a city is not liable for an injury or damage sustained in a public way by reason of snow or ice thereon, ''if the place at which the injury or damage was sustained was at the time of the accident otherwise reasonably safe and convenient for travelers.'' This statute was construed in *Newton* v. *Worcester*, 174 Mass. 181, and at page 187 it was said by Hammond, J.:

"We think the proper and only reasonable interpretation of the statute is, that wherever ice or snow is the sole proximate cause of the accident, there shall be no liability, but where at the time of the accident there is any other defect to which as a proximate cause the accident is in part attributable, there may be liability notwithstanding the fact that it also may be attributable in part to snow or ice."

In the present case there was evidence that the plaintiff was injured when she slipped on snow and ice which had accumulated on a public sidewalk where one of the adjacent concrete slabs had been raised as much as *one and one-half inches* above the other due to the growth of tree roots nearby. The trial judge found this condition to be a defect and was the direct cause of injury. If there was a defect in the sidewalk which caused the plaintiff to fall and to which her accident was in part attributable, there may be liability, although the ice and snow may have contributed in part. *Witham* v. *Boston*, 262 Mass. 291; *Naze* v. *Hudson*, 250 Mass. 368; *Murphy* v. *Somerville*, 253 Mass. 544; *Newton* v. *Worcester*, 174 Mass. 181.

▮ There was sufficient evidence introduced to warrant the finding by the trial judge that the defect in the sidewalk, caused by the growth and expansion of a tree root to the extent that the concrete sections of the sidewalk were raised, was the direct cause of the injury to the plaintiff, even though the snow and ice may have contributed in part. *Sheean* v. *Lynn*, 269 Mass. 571.

▮ We conclude that the defendant knew

or ought to have known of the defective condition of the sidewalk in question as there was evidence that in 1960 or 1961 the defendant was notified of the differential in the elevation of the concrete sidewalk slab; that this condition was patched by the defendant in 1961 or 1962; and that the photographs introduced in evidence which were taken the day after the accident show that the defective condition of the sidewalk had probably existed for a considerable time prior thereto. The evidence was sufficient to warrant a reasonable and rational inference that the defect had been in existence long enough to enable the defendant in the exrcise of reasonable care and diligence to discover and remedy it. *Kelly* v. *Springfield,* 328 Mass. 16; *Saunders* v. *Medford,* 304 Mass. 464; *Bagdikian* v. *Worcester,* 318 Mass. 707.

There was no prejudicial error in the finding for the plaintiff nor in the denial of the rulings requested by the defendant and therefore, *the report is to be dismissed.*

LEONARD S. MICHELMAN
   of Springfield, for the plaintiff.

PHILIP J. SHINE
   of Springfield, for the defendant.

### REPORTER'S NOTE

**Liability of Municipality For Injuries From Defect in Highway With Snow Or Ice Upon It.**

Mass. G.L. c. 84, § 17 provides:—

   A county, city or town shall not be liable

for an injury or damage sustained upon a public way by reason of snow or ice thereon, if the place at which the injury or damage was sustained was at the time of the accident otherwise reasonably safe and convenient for travelers.

Under this statute the rule seems to obtain that a municipality is liable for injuries resulting from the slippery condition of a walk to which, as a proximate cause, the accident is in part attributable. *McCabe* v. *Whitman,* 187 Mass. 484 (depression); *Bailey* v. *Cambridge,* 174 Mass. 188 (ridge on mound of earth); *Newton* v. *Worcester,* 169 Mass. 516 (depression in brick sidewalk).

In *Newton* v. *Worcester,* 169 Mass. 516, the statute was construed as providing that a way should not be deemed unsafe by reason of snow or ice thereon, if it was otherwise reasonably safe and convenient for travelers. An instruction embodying this construction should be given at the request of the defendant in an action against a city to recover damages for injuries sustained by the plaintiff, by reason of a fall caused by ice in a small depression in a sidewalk.

In *Newton* v. *Worcester,* 174 Mass. 181, a second appeal of the same case, the statute hereinbefore set out was construed as follows:

The interpretation of the statute is that, wherever ice or snow is the *sole* proximate cause of the accident, there shall be no

liability; but where at the time of the accident, there is any other defect to which, as a proximate cause, the accident is in part attributable, there may be a liability notwithstanding the fact that it also may be attributable in part to ice or snow. This other defect, however, is not a proximate cause within the meaning of this rule, simply because it causes the accumulation of the ice or snow. In considering whether, 'at the time of the accident, the way is otherwise reasonably safe and convenient,' the attention is to be directed to the actual physical condition of the way, for the purpose of ascertaining whether there is at that time any other danger to the steps of the traveler than that arising from the presence of ice or snow. If there be no other danger, then for the time being the way is 'otherwise reasonably safe and convenient.' "

The evidence showed that the plaintiff fell on some ice which had formed. At the place where the plaintiff fell there were some depressions varying from ½ to 2 inches in depth caused by some bricks being depressed and some being elevated. But there was no projections or sharp corners and the surface of the depression was smooth. It was held that the jury was not warranted in finding that the walk, when bare, was not reasonably safe and convenient for public travel.

In *Bailey* v. *Cambridge,* 174 Mass. 188, the plaintiff fell on a *crosswalk* at a time when it was covered with ice. At the place of the accident there was a ridge of earth. In an action against the city to recover damages for the injuries resulting from the fall, the questions were whether the way, when bare, was defective, and whether the accident was wholly or partly caused by this defect, were for the jury, and a verdict for the plaintiff was affirmed.

In *McCabe* v. *Whitman,* 187 Mass. 484, the action was to recover damages for injuries to the plaintiff, resulting from a fall into a *depression* in the sidewalk. It was contended by the defendant that it was entitled to a verdict as a matter of law because the depression was a part of the gutter outside of the walk across which the plaintiff was walking across the sidewalk. Another witness testified that "there was a depression that extended almost to the inside of the sidewalk." A third witness testified that the "gully was about 3 or 4 feet long on the center of the walk."

In *Neillson* v. *Worcester,* 219 Mass. 88, an action to recover damages for personal injuries received by the plaintiff by reason of falling on a sidewalk, it appeared that the plaintiff fell at the bottom of a long slope, her fall being caused by stepping on an accumulation of ice in a depression. The city had erected an iron railing along the outer edge of the walk to assist pedestrians in making the ascent or descent

of the slope when there was snow or ice on the walk, but before the time of the accident the lower portion of it, for a space of 4 or 5 feet, had been removed. The depression was about 1½ inches deep, and near by, embedded in the walk, was a cobblestone which stood up 1 inch above the surface of the walk. The plaintiff was descending the slope, using the iron rail to assist her, and fell only after leaving the rail to cross the intervening portion of the slope.

It was held that the removal of a portion of the iron railing did not constitute a defect in the way, nor did the depression in the walk, though it may have caused the accumulation of the ice or snow. And as to a contention that the way was defective because of the *cobblestone*, it was held that there was no evidence to show that the plaintiff's fall was caused in whole or in part by the stone. *Fuller* v. *Hyde Park,* 162 Mass. 51.

In *Hughes* v. *Lawrence,* 160 Mass. 474, which was decided before the passage of the statute hereinbefore referred to, the action was to recover damages for an injury sustained by the plaintiff by reason of a fall on a sidewalk. At the place of the accident there was a gutter 14 inches wide and 1½ inches deep into which a water conductor from the roof of an adjoining building had formerly discharged. The water conductor discharged into a sewer, but at the time of the accident it had so become defective that it discharged some of the water on the

sidewalk. The water froze and the resulting ice covered the gutter and part of the walk on either side.

Some evidence showed that the plaintiff slipped on the ice in the gutter and other evidence showed that she fell on the outer edge of the ice. In submitting the case to the jury the court instructed them that it was for them to determine where the plaintiff fell, and whether at that place the walk was defective. A verdict for the plaintiff was rendered, which, on appeal, was affirmed, and the appellate court held that it was competent for the jury to find that the gutter constituted a defect in the way, and that its construction was such as to cause a special deposit of ice at that particular place.

In *Adams* v. *Chicopee,* 147 Mass. 440, an instruction that "the freezing of smooth, level ice does not constitute a defect in any way, and the fact that there are such hollows or basins in the sidewalk as to make them fill with level water which cannot pass off, and that level water freezes, if it freezes into smooth, level ice, does not constitute a defect in the way," was held subject to the general exception.

In *Crocker* v. *Springfield,* 110 Mass. 135, it appeared that the plaintiff slipped and fell on a spot of ice about 3 feet square, in a depression in a sidewalk. The ice was 2 or 3 inches thick. The adjoining land was so graded that water ran into this depression and stayed there in summer until it evaporated and in winter till

it froze. On the day before the accident it rained and drizzled, and on the morning of that day an icy coat was over everything. In an action against the city to recover damages for injuries sustained by the plaintiff, it was held that if the condition of the sidewalk at the time of the accident was such as to warrant the jury in finding it to have been defective, there was no evidence that the defect had existed for twenty-four hours, or that the city had notice thereof.

There is no liability for an accident caused solely by the existence of snow and ice in a street, even if it was put into a very dangerous form by the hand of man. *Stewart* v. *Joyce*, 201 Mass. 299. So, where the cause of the injury was two mounds of snow on the street, one made to represent an igloo and the other a fort, and the plaintiff's horse shied from them causing the injuries sued for, there can be no recovery.

*Stewart* v. *Joyce*, 201 Mass. 299, 301:

"It is plain that the statute was not intended to apply to snow and ice in its natural state with its condition unaffected by extraneous causes; for in most cases when it makes a street dangerous, it is because of that which is produced in it by traveling or other causes after it first appears on the ground."

In *Naze* v. *Hudson*, 250 Mass. 368, plaintiff was injured by slipping upon ice which had ac-

cumulated in a hollow in the sidewalk near the stump of the tree.

In *Mahoney* v. *Worcester*, 265 Mass. 49, cinders formed a part of a ridge of snow and ice; it could have been found by the jury that the place at the time of the accident was not "otherwise reasonably safe and convenient for travellers."

In fine, a municipality is not liable for a slippery condition of a roadway, crosswalk or sidewalk caused solely by the accumulation or presence of snow or ice, no matter how much it blocks the way or impedes travel, unless there is a structural defect in the street or sidewalk or any other defect which combines with the snow or ice to make the street or sidewalk dangerous for travel. See *Fortin* v. *Gardner*, 347 Mass. 436, 439 (Municipality not liable for temporary obstruction during snow removal). *Shearman & Redfield,* § 361.