ON the fifteenth day of July, 1899, the Honorable WALBRIDGE A. FIELD died at Boston, where he resided, having held the office of an associate justice of this court from the twenty-first day of February, 1881, to the fourth day of September, 1890, and from that time until his death that of Chief Justice thereof.

ON the second day of August, 1899, Mr. Justice HOLMES was appointed Chief Justice, in place of Chief Justice FIELD, deceased, and took his seat upon the bench as such on the twelfth day of September, 1899, at the term of the court then held at Pittsfield in the county of Berkshire.

## EMMA J. NEWTON *vs.* CITY OF WORCESTER.

Worcester.   October 3, 1898. — September 5, 1899.

Present: KNOWLTON, MORTON, BARKER, & HAMMOND, JJ.

*Personal Injuries — Defective Way — Presence of Ice on Depression in Sidewalk — Statute — Liability of City.*

Under St. 1896, c. 540, whenever ice or snow is the sole proximate cause of an accident to a traveller on a highway in a city, there is no liability on the part of the city, but where, at the time of the accident, there is any other defect to which as a proximate cause the accident is in part attributable, there may be a liability notwithstanding the fact that it also may be attributable in part to ice or snow.

If a person is injured by falling upon a brick sidewalk having in its surface several

depressions covered with ice, and varying from one half of an inch to two inches in depth, caused by some of the bricks being depressed and some being elevated, but there being no sharp corners, and the surface of the depressions being smooth, the jury, in an action for the injury, will not be warranted in finding that the way when bare was not reasonably safe and convenient for public travel.

TORT, for personal injuries occasioned to the plaintiff by an alleged defect in a highway in the defendant city.   After the former decision, reported 169 Mass. 516, the case was tried in the Superior Court, before *Gaskill*, J.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.   The facts appear in the opinion.

*A. P. Rugg*, for the defendant.

*C. C. Milton*, for the plaintiff.

HAMMOND, J.   This is an action under Pub. Sts. c. 52, § 18, to recover for personal injuries received by the plaintiff, by reason of falling upon a sidewalk since St. 1896, c. 540, went into effect.

At the trial there was evidence tending to show that at the place of the accident there were a number of depressions in the surface of the sidewalk; that they were caused by some of the bricks being depressed and some being elevated; that the depressions varied in depth from one half inch to two inches, and at the place of the accident covered an area two feet long and twelve to fourteen inches wide, and that this condition had existed for some time; that there were no projections or sharp corners, and that the surface of the depressions was smooth; that the adjoining premises sloped downward to the street, and water from a gutter spout on the adjoining building flowed upon a concrete walk, and thence over and across the defendant's sidewalk; and that at the time of the accident there was ice in the depressions, on which the plaintiff slipped and was injured. A photograph of the sidewalk was used at the trial, and at the argument before us.

At the close of the evidence the defendant presented the following prayers for instructions: "1. That the plaintiff cannot recover unless the jury find that independently of any ice or snow the way was not reasonably safe and convenient for travellers"; "2. That there is no evidence that apart from the snow or ice there was a condition amounting to a defect on said

way"; and "3. If the plaintiff's injuries were occasioned wholly by reason of the accumulation of ice or snow, and it would not have occurred if there had been no ice upon the sidewalk, then the plaintiff cannot recover."

As to the first and third requests the judge instructed the jury as follows: "It is necessary that the plaintiff should satisfy you that this way, independent of the ice, was defective, and she cannot recover unless you find that, independently of that ice or snow, the way was not reasonably safe and convenient for travellers. If you find that fact to exist, then if the way was thus not reasonably safe and convenient for travellers, and was defective, independent of the ice, the fact that ice was upon it at the time of the accident would not prevent recovery, if the unsafe condition of the way, which I have referred to, was the cause of the accident." He refused to give the second instruction requested, but left the matter to the jury thus: "There is evidence one way and the other that at this place where she fell, there were depressions and inequalities and unevenness in the sidewalk, so that it rendered it, independent of the ice which was upon the sidewalk at this place, defective. It is for you to say. You have heard the evidence upon the one side and the other with reference to that." It will be seen that the judge gave in substance the first instruction requested, but declined to give the second and third. The question is, whether there was error in the manner in which he dealt with these last two requests.

The discussion of this question involves an inquiry as to the meaning of St. 1896, c. 540. We had occasion to examine this statute when this case was before us on exceptions raised at a former trial. *Newton* v. *Worcester*, 169 Mass. 516. It was there held that the court erred in refusing to instruct the jury that the plaintiff could "not recover unless the jury find that, independently of any ice or snow, the way was not reasonably safe and convenient for travellers."

The report does not set out the instructions which were given, but on inspection of the papers it appears that the jury were instructed that "if the sidewalk is so constructed with reference to the permanent condition of things about it and to the operation of ordinary causes that it is calculated to produce the for-

mation and continuance of ice upon it, that sidewalk under those circumstances may be found to be not reasonably safe and convenient for travel." And the instructions to the jury authorized them to find that a way might be defective simply because it was of such a shape as to lead to the formation and continuance of ice and snow upon it.

The opening remarks of Mr. Justice Allen, in giving the opinion of the court, apply to this instruction, and the only question raised was whether in cases like this it must appear that the way when bare is dangerous to travel, and it was decided that it must so appear.

The consideration of the exceptions now before us involves a further inquiry as to the meaning of the statute. Prior to the statute, ice or snow, which by reason of its roughness and slipperiness combined was dangerous to public travel, might be regarded as an actionable defect, but smooth ice or snow, no matter how dangerous to public travel, was not a defect unless the way was so improperly constructed as to induce a special or constant deposit of ice in the locality, or was built at such an angle, and so exposed to the formation of ice, as to make passing over it in winter especially and unusually dangerous; but in these cases it might constitute an actionable defect, even although the way was so constructed as not to be defective when bare. *Stanton* v. *Springfield*, 12 Allen, 566. *Morse* v. *Boston*, 109 Mass. 446. *Billings* v. *Worcester*, 102 Mass. 329. *Gilbert* v. *Roxbury*, 100 Mass. 185. *Pinkham* v. *Topsfield*, 104 Mass. 78. *Adams* v. *Chicopee*, 147 Mass. 440. *Hughes* v. *Lawrence*, 160 Mass. 474. In this state of the law the statute was passed. It is entitled "An Act relative to injuries received on highways resulting from snow or ice," and is as follows: "No city or town shall be liable for any injury or damage to person or property hereafter received or suffered in or upon any part of a highway, townway, causeway, or bridge, by reason or in consequence of snow or ice thereon, if the place at which the injury or damage was received or suffered was at the time of the accident otherwise reasonably safe and convenient for travellers." The language of the statute is not entirely free from ambiguity, and there are two possible interpretations of it. On the one hand, it may be contended that it is to be so interpreted as to mean

that wherever the way when bare is defective, the law as to whether ice or snow thereon is an actionable defect is to remain as before; in other words, that the land constituting the travelled parts of the highways of the State is divided into two parts, the first part being that which when bare is defective, and the second that which when bare is not defective; that as to the first part the law relative to ice and snow remains as before, and that only as to the second part is the law changed by the statute.

If the travelled parts of the highway could be colored, the first part black and the second white, the traveller when upon the black, so far as concerns the danger from ice or snow, is protected by a law different from that which affects him when he gets upon a white spot. The mantle of protection is an unstable garment upon his shoulders, even although he be all of the time on the travelled part of the highway. The change in the law in this view is, so to speak, territorial or local. This interpretation would make the ice and snow an actionable defect even when the defective condition of the way under it as an operating cause has nothing whatever to do with the accident, or even with the existence and dangerous nature of the ice. Even when the ice or snow is so thick as utterly to obliterate the shape of the bare way, and the bare defect therein has no physical or causal relation whatever to the accident, still the law remains as before, and the ice or snow is still an actionable defect. If the sleigh of a traveller upon a highway comes in contact with a large snow bank, and by reason of the size or shape of the bank is overturned and the traveller is injured, the question whether the snow was an actionable defect would depend upon the condition of the way several feet, perhaps, below the surface of the snow at the spot where the sleigh was overturned; and if, upon removing the snow, it should appear that there was some sort of a defect in the highway immediately beneath the spot on the snow where the sleigh was overturned, then the snow bank in law is to be regarded as an actionable defect, even although the condition of the way beneath the snow had nothing whatever to do with the accident, and was in no respect the cause of the accumulation of snow. But if the bare way should turn out to be free from defect, then the snow bank is not an actionable defect.

Under this interpretation the town is held answerable, not because the traveller is injured by the defective condition of the road which it negligently suffered to exist, but because the runners of the sleigh happened to be over that spot at the time it was overturned.

Illustrations might be multiplied indefinitely, but enough has been said to show that under this interpretation the town in many cases must be held answerable when the defect in the bare way has no causal relation whatever, either direct or indirect, to the accident. It is enough if there be this merely incidental local relation between the bare defect and the condition of things which is the real cause of the accident.

An interpretation which leads to such results seems to be inconsistent with the general principles governing actions of tort, and otherwise unreasonable, and is not to be adopted unless required by the language of the statute.

The other interpretation is that, when the statute speaks of the condition of the way and of the subject, whether the way be otherwise free from defect, it is speaking of the state of things at the time of the accident, and of the defect operating to produce the accident; and that the decisive test is not merely whether the way without any ice or snow upon it is defective, but whether, "at the time of the accident," there is any defect other than ice or snow operating as such to which the accident is in part attributable.

Under this interpretation the change made in the law is not only of a territorial but of a causal nature. It is not only necessary to show that there was a defect at the time of the accident, but that that defect was operative in part to produce the accident. This interpretation holds the town responsible for that which caused the accident. Both interpretations agree in this, that ice or snow no longer can be an actionable defect, unless at the place where it is there be also another defect.

The difference between the two interpretations is, that the first would make the liability exist for the accident when caused solely by the existence of the ice and snow, while the second would make the liability depend upon whether, in connection, with the ice or snow, the defect in the road when bare was in part the cause of the accident.

We think the proper and only reasonable interpretation of the statute is, that wherever ice or snow is the sole proximate cause of the accident, there shall be no liability, but where at the time of the accident there is any other defect to which as a proximate cause the accident is in part attributable, there may be a liability notwithstanding the fact that it also may be attributable in part to ice or snow. This other defect, however, is not a proximate cause within the meaning of this rule, simply because it causes the accumulation of the ice or snow. In considering whether, " at the time of the accident, the way is otherwise reasonably safe and convenient," the attention is to be directed to the actual physical condition of the way for the purpose of ascertaining whether there is at that time any other danger to the steps of the traveller than that arising from the presence of ice or snow. If there be no other danger, then for the time being the way is " otherwise reasonably safe and convenient."

In these cases, therefore, the real question is not simply whether the way with no ice or snow upon it is defective, but whether, if there be such a defect, it was operative as such at the time of the accident, and was in part the proximate cause of it. If there be such an operative defect, then there may be a liability even although the accident be due in part to ice or snow. Otherwise there is no such liability, even if the defect was the cause of the accumulation of the ice or snow.

The effect of the statute was to change the law as to liability for defects arising from ice or snow, so far as to create an exemption from such liability in cases where the ice or snow is the sole proximate cause of the accident. It did not of course enlarge the liability so that ice or snow, which before the statute was not a defect, would now be considered such.

The refusal of the judge to give the third ruling requested was right, and the charge with reference to the subject matter of that ruling was in accordance with the true interpretation of the statute, and was correct.

We have had some trouble in understanding what is meant by the second request. If it is to be taken as asking for a ruling that there was no evidence that apart from the snow or ice there was " no condition amounting to a defect in the way," to which the accident was in any way attributable, it certainly should

have been given, because it is clear upon the evidence that the inequalities in the bare way had been filled with ice, and that the accident was caused by the ice and not by those inequalities. But when taken in connection with the other requests, it is doubtful, to say the least, whether the request was intended by the defendant to raise that question, and it is quite evident, we think, that the presiding judge did not so understand it.

But we think that, even if the request was intended to raise the simple question whether the bare way was defective, it should have been given.

By the evidence, including the photograph used at the trial and shown to us at the argument, here was a brick sidewalk, with some depressions varying from one half of an inch to two inches in depth, " caused by some of the bricks being depressed and some being elevated." " There were no projections or sharp corners," and " the surface of the depressions was smooth." We do not think the jury were warranted in finding upon this evidence that this way when bare was not reasonably safe and convenient for public travel. *Raymond* v. *Lowell*, 6 Cush. 524. The case is clearly distinguishable from the cases of *Ghenn* v. *Provincetown*, 105 Mass. 313, and *Marvin* v. *New Bedford*, 158 Mass. 464, upon which the plaintiff relies.

*Exceptions sustained.*