ELSIE CANNON *vs.* CITY OF WORCESTER.

Worcester.    October 3, 1916. — November 29, 1916.

Present: RUGG, C. J., LORING, BRALEY, CROSBY, & PIERCE, JJ.

*Way*, Public: defect.

If, at the trial of an action against a city under R. L. c. 51, § 18, for injuries resulting from the plaintiff tripping in December over a ring fitted into an iron trap door in a public sidewalk, there is evidence tending to show that no permission had been given by the defendant for such use of the highway by the abutter, that, when the plaintiff tripped on the ring, it was projecting from two to two and one half inches above the level of the walk, that, although there was a recess in the door into which the ring fitted when not in use so that it was level with the surface of the walk, that recess, by reason of ice and snow and dirt and rust from surface water, would fill during the winter, raising the ring and causing it to project, and that the eye of the ring was so set that, if the ring did not fall toward the side where the recess was, it would stand up at an angle of about sixty degrees, a finding that the ring or the door with the ring attached to it was a defect in the public way is warranted.

And if there also is evidence that the trap door with the ring attached, described above, had been in position for nearly two years on a much travelled street, a further finding is warranted that the defect was plainly visible and could have been remedied by reasonable supervision and inspection, and a verdict for the defendant should not be ordered.

TORT under R. L. c. 51, § 18, for personal injuries suffered by the plaintiff on December 3, 1913, by reason of her tripping and falling over a ring projecting from a trap door in the sidewalk of Millbury Street in Worcester.   Writ dated March 26, 1914.

In the Superior Court the case was tried before *Hamilton*, J.

The material evidence is described in the opinion. At the close of the evidence the judge ordered a verdict for the defendant and reported the case for determination by this court, it being agreed that, if the ruling was wrong, judgment should be entered for the plaintiff in the sum of $800, and that otherwise judgment should be entered for the defendant.

*E. A. Ryan,* for the plaintiff.

*J. W. Mawbey,* (*E. H. Vaughan* with him,) for the defendant.

BRALEY, J. The defendant, while making no contention as to the due care of the plaintiff, urges as matter of law that under R. L. c. 51, § 18, the verdict in its favor was ordered rightly, because the ring in the sidewalk over which she tripped and fell did not constitute a defect in or want of repair of the walk, and that, even if it was a defect, there was no evidence from which the jury could properly find that the city had, or by the exercise of reasonable care and diligence might have had, notice of this condition. We are of opinion that neither position can be sustained.

It was undisputed that the street was a public way which the defendant was bound to keep in such repair as to make it reasonably safe and convenient for the use of travellers. R. L. c. 51, § 1. The jury on the evidence of the plaintiff and her witnesses could find, that her fall was caused by an iron ring projecting from two to two and one half inches above the level of the walk. While the undisputed evidence shows that the ring was set in an iron trap door fitted into the sidewalk by an abutter for the more convenient use of his premises, the evidence introduced by the defendant would have warranted a finding that no permission authorizing such use had ever been given by the municipality. A further finding would have been warranted on all the evidence, that although the recess in the door as cast would receive the ring which then should be even with the surface, yet by reason of "ice and snow and dirt" and rust from surface water the depression during the winter would fill in raising the ring more or less, causing it to project. It furthermore could have been found from the evidence of the plaintiff's expert who said that he was familiar "with that sort of a ring with a depression to receive it," that "This one here (referring to the ring in issue) will not allow the ring to fall from any side. The eye is put in up close to one side and the eye is set down so when the ring, falls down it is level with the top of the

plate. If it fell the other way it would stand up about sixty degrees. If it fell over the other way it would be rigid; it could not go any further." It is plain under all the conditions described that the jury could say the ring, or door with the ring attached, caused an unlawful obstruction of a public way which might render travel thereon unsafe and dangerous. *Snow* v. *Adams,* 1 Cush. 443. *Billings* v. *Worcester,* 102 Mass. 329, 332. *Street* v. *Holyoke,* 105 Mass. 82. *Cromarty* v. *Boston,* 127 Mass. 329, 331. *Lamb* v. *Worcester,* 177 Mass. 82. *Cambridge* v. *Hanscom,* 186 Mass. 54. *Moynihan* v. *Holyoke,* 193 Mass. 26. *Gallagher* v. *Watertown,* 197 Mass. 467. *Dolan* v. *Charles J. Jacobs Co.* 221 Mass. 256, 258.

The next question is whether the city could be found to have been negligent. It was said in *Post* v. *Boston,* 141 Mass. 189, 193, when construing Pub. Sts. c. 52, § 18, now R. L. c. 51, § 18, "The duty is now cast upon towns of using reasonable care and diligence to remedy defects, and to prevent damage or injury to persons and property by guarding against the effects of causes which are likely to produce such defects." And in *Olson* v. *Worcester,* 142 Mass. 536, 537, where the defect was a ridge of ice extending over the sidewalk from the outlet of a water conductor upon an adjoining building which conductor had been there for a long time, the court said, citing *Post* v. *Boston,* "When . . . a defect is produced by some known, permanent cause which would naturally create the defect, the existence of such cause may properly be considered by the jury in determining whether the officers of the . . . city might have had notice of the defect by the exercise of proper care and diligence." The door on the evidence of a witness for the plaintiff had been in position for nearly two years before the accident, and the jury could find on the evidence of another witness, that ". . . it was a much traveled street. Perhaps a thousand people go by there every day in the year." The defect arose from an improper construction of this portion of the sidewalk, which during the period preceding the accident was plainly visible and could have been remedied by reasonable supervision and inspection. The case at bar cannot be distinguished in principle from *McGaffigan* v. *Boston,* 149 Mass. 289, *Bourget* v. *Cambridge,* 159 Mass. 388, *Comerford* v. *Boston,* 187 Mass. 564, 566, *Moynihan* v. *Holyoke,* 193 Mass. 26, *Harrigan* v. *Worcester,* 198 Mass. 354, *Franklin* v. *Worcester,* 204 Mass. 22, *Keating* v. *Boston,*

207 Mass. 327, 331, *Barron* v. *Watertown,* 211 Mass. 46, 49, and *Burke* v. *Lynn,* 219 Mass. 302, where under varying conditions as to the nature of the alleged defect and the length of time it had existed, some of which were less favorable to the plaintiff than those shown by the present record, it was held that a verdict for the defendant could not be ordered. The question whether the defendant had discharged this duty should have been submitted to the jury under suitable instructions, and the plaintiff accordingly is to have judgment for the amount stipulated.

*So ordered.*