ANNA HAMLET *vs.* INHABITANTS OF WATERTOWN.

Middlesex.     March 14, 1924. — April 8, 1924.

Present: RUGG, C.J., BRALEY, DECOURCY, CROSBY, & CARROLL, JJ.

*Way*, Public: defect. *Negligence*, Contributory.

At the trial of an action against a town for injuries alleged to have resulted from a defect in the sidewalk of a public way, it appeared that the way was much travelled, and that the sidewalk at the place where the accident occurred was an unfinished dirt walk without a curbstone. There was evidence that the plaintiff's foot struck against a stone which projected from two to two and one half inches above the surrounding surface, that it was three or four inches across and came up to a peak, but had been worn off; and " you could tell it had been there a good many years." Farther in from the street on the sidewalk and about one foot and three inches from the stone was a large buttonwood tree. *Held*, that on the evidence a finding was warranted that the stone constituted a defect in the way, which the proper officers of the town would have discovered and remedied by the exercise of reasonable diligence.

In the action above described, the question, whether the plaintiff, a woman about fifty-two years of age, was in the exercise of due care, was an issue for the jury, even though the walk on the other side of the street might have been in better condition than that upon which she was travelling.

TORT for personal injuries alleged to have been caused to the plaintiff, while a traveller on Pleasant Street in Watertown, by a defect in the street. Writ dated September 17, 1918.

In the Superior Court, the action was tried before *Keating*, J. Material evidence is described in the opinion. At the close of the evidence, the judge denied a motion by the defendant that a verdict be ordered in its behalf. There was a verdict for the plaintiff in the sum of $2,100. The trial judge reported the case by agreement of the parties on the terms, that, if there was sufficient evidence to justify the submission of the case to the jury, judgment was to be entered on the verdict; but otherwise judgment was to be entered for the defendant.

*W. C. Stone*, for the defendant.

*F. W. McEnery*, for the plaintiff.

DeCourcy, J. The plaintiff, a woman about fifty-two years of age, was walking from the Chase mills toward Watertown Square, along the right hand sidewalk of Pleasant Street, when her foot struck against a stone embedded in the sidewalk and she was thrown to the ground. Pleasant Street is a much travelled public way; and the place where the accident occurred is about two or three minutes walk from the Town Hall. From Watertown Square the sidewalk was of brick adjacent to the Lewando building; but the remaining half mile, to the Bemis Mills, was an unfinished dirt walk, without a curbstone. "It was hard to tell the sidewalk from the street," according to the town engineer. There was evidence that the stone against which the plaintiff's foot struck projected two or two and a half inches above the surrounding surface; was three or four inches across; that it came up to a peak, but had been worn off; and "you could tell it had been there a good many years." Farther in on the sidewalk, and about one foot and three inches from the stone, was a large buttonwood tree. On the facts the jury were warranted in finding that the stone constituted a defect in the way, which the proper officers of the town would have discovered and remedied by the exercise of reasonable diligence. *Lamb* v. *Worcester*, 177 Mass. 82. *O'Brien* v. *Woburn*, 184 Mass. 598. *Cannon* v. *Worcester*, 225 Mass. 270. *Junkins* v. *Stoneham*, 234 Mass. 130, and cases cited.

The plaintiff's due care plainly was an issue for the jury:

even though the walk on the opposite side of Pleasant Street may have been in better condition. *Moran* v. *Palmer,* 162 Mass. 196. *Campbell* v. *Boston,* 189 Mass. 7. In accordance with the report, judgment is to be entered on the verdict.

*So ordered.*