SARAH C. MURPHY *vs.* CITY OF SOMERVILLE.

Middlesex.    November 12, 1925. — November 13, 1925.

Present: RUGG, C.J., BRALEY, PIERCE, WAIT, & SANDERSON, JJ.

*Way,* Public: defect.   *Evidence,* Presumptions and burden of proof.

At the trial of an action of tort against a municipality for personal injuries
    received by falling upon a public sidewalk, there was evidence that at
    the end of a brick sidewalk there were cobblestones, and then a dirt
    sidewalk, and that at or near this place there was a depression about
    six inches deep; that at the time of the plaintiff's injury snow and ice
    covered the whole sidewalk; that there was "quite a lot of ice there";
    and that the plaintiff slipped upon the ice at "a space about that deep,
    I should say two or three inches." *Held,* that
        (1) It was a question of fact whether the sidewalk, apart from the
    snow and ice, was defective;
        (2) It was a question of fact whether the ice was the sole cause of the
    injury or whether the defective condition of the sidewalk apart from
    snow and ice was a contributing cause of the accident;
        (3) It was proper to submit the case to the jury.

TORT for personal injuries received when the plaintiff fell
on a sidewalk on Hawkins Street in Somerville.   Writ dated
January 8, 1923.

In the Superior Court, the action was tried before *Sisk,* J.
The plaintiff was asked whether or not she noticed where she
fell and what she saw there, and replied, "Well, it was a
place about that deep, I should say about two or three
inches."   Other material evidence is described in the opinion.
There was a verdict for the plaintiff in the sum of $4,000.
The defendant alleged exceptions.

The case was submitted on briefs.

*R. M. Smith,* Assistant City Solicitor, for the defendant.

*W. M. Smith,* for the plaintiff.

BY THE COURT.   This is an action of tort to recover com-
pensation for personal injuries received by falling upon a
public sidewalk.

There was evidence tending to show that at the end of a
brick sidewalk there were cobblestones, and then a dirt

sidewalk, and that at or near this place there was a space about six inches deep; and that at the time of the plaintiff's injury snow and ice covered the whole sidewalk; that there was "quite a lot of ice there"; and that she slipped upon the ice. It was a question of fact whether the sidewalk, apart from the snow and ice, was defective. *Williams* v. *Winthrop*, 213 Mass. 581. *Hamlet* v. *Watertown*, 248 Mass. 473. *Lamb* v. *Worcester*, 177 Mass. 82. It was also a question of fact whether the ice was the sole cause of the injury or whether the defective condition of the sidewalk when free from snow and ice was a contributing cause of the accident. *Newton* v. *Worcester*, 174 Mass. 181. *Naze* v. *Hudson*, 250 Mass. 368. It was proper to submit the case to the jury.

*Judgment for the plaintiff on the verdict.*