MARY CANNON *vs.* INHABITANTS OF BROOKLINE.

Norfolk.   March 19, 1926. — June 28, 1926.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Way*, Public: defect.

At the trial of an action by a woman against a town for personal injuries caused by a splinter from a board walk on a public way in the town piercing her shoe and entering her foot, the characterizations of the place by the witnesses for the plaintiff as "in bad condition right along," "in poor condition," "defective condition," "kind of bad looking spot there," and by the superintendent of streets, called by the defendant, as "in fair condition, not A No. 1, but in fair condition," did not constitute competent and admissible evidence of the condition of the place of the accident.

It is well established that a town or city is not bound to keep its ways in perfect condition: it is enough that they are reasonably safe and convenient for travel.

At the trial of the action above described, there was evidence that the sidewalk had been in place without repair for at least five years, and possibly for seven years; that it was made by placing five planks, from eight to eleven inches wide, side by side lengthwise. At the place of the accident one plank was rough and splintery, the wood dark and decayed, and "there were little pieces sticking up about a half inch or more in a section of about two feet of the plank." The planks were somewhat worn at the edges along the spaces between them. Photographs showed a few thin flakes of wood projecting upward from the surface of the planks where the grain had been worn by use and by the action of sun and rain. The splinter which injured the plaintiff punctured the thin sole of her shoe and went into her foot for an inch and a half. *Held*, that

(1) In view of the well known and widely extended use of wood for the building of walks, a finding was not warranted that such use was unsafe or unreasonable;

(2) The evidence would not warrant a finding that the walk was defective within the meaning of G. L. c. 84, § 15.

TORT under G. L. c. 84, § 15, for personal injuries resulting from a splinter entering the plaintiff's foot from a board walk maintained by the defendant. Writ dated February 1, 1921.

In the Superior Court, the action was tried before *Flynn*, J. Material evidence is stated in the opinion. The jury found for the plaintiff in the sum of $491.50. Before the verdict was recorded, the judge reserved leave under G. L. c. 231, § 120, to enter a verdict for the defendant, and later did so. The plaintiff alleged exceptions.

*J. H. Kenney*, for the plaintiff.

*C. C. Cabot*, for the defendant.

WAIT, J. The plaintiff was injured while walking in daylight upon a board sidewalk in Brookline by driving a splinter from the walk through the sole of her shoe and into her foot. She contends that her injury resulted from a defect in the way for which the town is responsible under G. L. c. 84, § 15.

The jury could have found from the evidence that the sidewalk had been in place without repair for, at least, five years, and possibly for seven years. It extended from Highland Road for a considerable distance along High Street on the side opposite to the house in which the plaintiff lived.

It was made by placing five planks, from eight to eleven inches wide, side by side, lengthwise. At the place of the accident one plank was "rough and splintery," the wood "brown and decayed," and "there were little pieces sticking up about a half inch or more in a section of about two feet of the plank." The planks were somewhat worn at the edges along the spaces between them. The jury took a view of the place. Photographs taken shortly after the accident showed a walk with, plainly to be seen, a few thin flakes of wood projecting upward from the surface of the planks where the grain had been worn by use and by the action of sun and rain. The splinter which injured the plaintiff, punctured the thin sole of her shoe and went into her foot for an inch and a half. This shows the meaning to be given "rotten" as used by the plaintiff's witnesses in describing the wood. Decayed and crumbling wood, really rotted, would not be strong enough so to pierce shoe and foot.

The characterizations of the place by the witnesses for the plaintiff as "in bad condition right along," "in poor condition," "defective condition," "kind of bad looking spot there," and by the superintendent of streets, called by the defendant, as "in fair condition, not A No. 1, but in fair condition," are, technically, not admissible in evidence, see *Rice* v. *James*, 193 Mass. 458, 462, and do not enable us to bring before our eyes the actual appearance of the sidewalk. We disregard them.

This evidence fails to make out the existence of a defect for which the town is liable.

It is well established that a town or city is not bound to keep its ways perfect. The burden would be too heavy. It is enough that they are reasonably safe and convenient for travel. *Raymond* v. *Lowell*, 6 Cush. 524. A brick projecting an inch or two above others in a brick sidewalk is not a defect for which a municipality is liable. *Newton* v. *Worcester*, 174 Mass. 181, 187. *Isaacson* v. *Boston*, 195 Mass. 114. The presence of loose stones in a gravel or dirt walk is not such a defect. See *Raymond* v. *Lowell, supra,* page 534. *Rust* v. *Essex*, 182 Mass. 313.

We are unable to see how the presence of splinters upon the

surface of sound planks is anything other than a necessary incident of the use of wood for a sidewalk. They will appear suddenly and be worn away quickly in ordinary use of the walk. In view of the well known and widely extended use of wood for that purpose, we cannot declare such use unsafe or unreasonable.

Doubtless conditions may arise from splintering of worn or decayed boards which will amount to defects in the way creating a liability; but no such condition is shown here.

The situation is very different from that disclosed in *Lamb* v. *Worcester*, 177 Mass. 82, and *Cannon* v. *Worcester*, 225 Mass. 270, (where there were definite obstructions not due to lack of repair) and in *Hamlet* v. *Watertown*, 248 Mass. 473, and *Murphy* v. *Somerville*, 253 Mass. 544.

No question of procedure is raised. The defendant is entitled to judgment. The exception is overruled and judgment is to enter for the defendant. G. L. c. 231, §§ 120, 122.

*So ordered.*