MARIETTA COOK *vs.* CITY OF BOSTON.

Suffolk.   January 15, 1929. — January 31, 1929.

Present: RUGG, C.J., CROSBY, CARROLL, & SANDERSON, JJ.

*Way*, Public: defect.

Testimony by the plaintiff, at the trial of an action of tort against a city
   for bodily injuries resulting from a fall alleged to have been caused by
   a defect in a public way at a place where there was much travel, that,
   upon examination of the place of the injury immediately after the
   accident, he saw a large round hole, about six inches in diameter at

the top and about three inches deep, worn smooth, without any rough edges, and that there was no fragment of paving around or near the hole, will warrant a finding that the defect had existed long enough to enable the city, in the exercise of the care required of it, to discover and remedy, or to guard it.

TORT under G. L. c. 84, § 15, for bodily injuries due to a fall alleged to have been caused by a defect in Boylston Street near St. Cecelia Street in Boston.   Writ dated July 23, 1926.

In the Superior Court, the action was tried before *Raymond,* J.   Besides the testimony of the plaintiff, described in the opinion, she testified in cross-examination that the hole described by her in direct examination was the one that caused her fall.   The record states that there was no evidence to show how long the defect had been in existence except the testimony which is described in the opinion.   The judge ruled that such testimony "was not sufficient evidence to warrant the jury in finding that the defect must have existed long enough for the defendant in the exercise of reasonable care and diligence to have known of it," and ordered a verdict for the defendant, and, by an agreement of the parties, reported the action for determination by this court, judgment to be entered for the plaintiff in the sum of $1,200 if his ruling was erroneous; otherwise the verdict to stand.

*W. F. Mooers,* for the plaintiff.

*A. J. Casey,* Assistant Corporation Counsel, for the defendant.

RUGG, C.J.   The plaintiff seeks to recover compensation for bodily injuries caused to her while a traveller on a public way by a defect therein.   The case comes before us on report. The only question argued or presented is whether the judge was right in ruling that there was no sufficient evidence to warrant a finding that the defect had existed long enough for the defendant in the exercise of reasonable care and diligence to have known of it.

Testimony on this point came from the plaintiff in substance that upon examination of the place of her injury she saw a large round hole, about six inches in diameter at the top and about three inches deep, worn smooth, without any

rough edges; that there was no fragment of paving around or near the hole. The place was on Boylston Street near St. Cecelia Street and the Massachusetts Station of the Boston Elevated Railway. There was much travel upon the way at this place.

The defendant can be held liable for a defect in a public way only in instances where, by the exercise of reasonable care and diligence, it might have had notice of such defect and remedied or guarded it. G. L. c. 84, § 15. *Taylor* v. *Sterling*, 250 Mass. 123, 127. The testimony in the case at bar that the edges of this hole were "worn smooth" was enough to support the rational inference that the alleged defect had been in existence long enough to enable the defendant in the exercise of the care required of it to discover and remedy or guard the defect. The case at bar is distinguishable in its facts from *Hamilton* v. *Cambridge*, 219 Mass. 418, where there was nothing to show that the edges of the depression were worn smooth, and falls within the general rule illustrated by *McMahon* v. *Harvard*, 213 Mass. 20, *Cannon* v. *Worcester*, 225 Mass. 270, *Hamlet* v. *Watertown*, 248 Mass. 473, *Murphy* v. *Somerville*, 253 Mass. 544, and similar decisions.

In accordance with the terms of the report, verdict for the defendant is to be set aside and judgment is to be entered for the plaintiff in the sum of $1,200.

*So ordered.*