ANNIE MORRISEY *vs.* CITY OF BOSTON.

Suffolk.          May 20, 1929. — September 9, 1929.

Present: RUGG, C.J., CROSBY, PIERCE, SANDERSON, & FIELD, JJ.

*Way,* Public: defect, statutory notice. *Notice. Negligence,* Contributory.

At the trial of an action of tort against a city under G. L. c. 84, § 15, for personal injuries suffered by a woman when she was caused to fall on a crosswalk of a public way because of a lump of earth and

an adjoining hole, the determinative question was, whether a notice given by the plaintiff to the defendant, which was inaccurate but was not intended by the plaintiff to mislead, in fact misled the defendant. It appeared that the notice stated the time of the accident, the place as the crossing of two streets, and, as the cause of the accident, that the plaintiff "slipped and fell on the ice." There was evidence that an investigator for the city in the course of his duties went to see the plaintiff and that she told him about where she fell, that there was quite a lot of ice around there, that it was lumpy and uneven, that she slipped on the ice and that the crosswalk was smooth and even where there was no ice on it. A verdict for the defendant was ordered. *Held,* that

(1) A finding was not warranted that the defendant was not misled by the inaccuracy of the notice;

(2) The verdict for the defendant properly was ordered.

At the trial of the action above described, there was evidence that the plaintiff on a bright morning in March started to leave the curbing at the crossing in question, that after she took three or four steps off the curbing she saw an icy spot in front which looked dangerous and slippery; that to avoid it she took perhaps three steps to the left and her foot came down on something that felt like a lump; that she felt her foot raised up some, and her heel slipped off the lump and went into the hole; and that she did not observe the place as she stood on the curb before starting to cross. *Held,* that the question of the due care of the plaintiff was for the jury.

Tort, under G. L. c. 84, § 15, for personal injuries. Writ dated March 21, 1927.

In the Superior Court, the action was tried before *Walsh,* J. It appeared that the defendant was unable to produce the notice served upon the defendant by the plaintiff. The city clerk testified that his official record with respect to the notice was as follows: "Name: Annie Morrisey. Date of Accident: March 22, 1926. Notice Filed: March 31, 1926. Place: Peter Parley Road. Cause: Slipped on crosswalk."

The only other evidence as to the contents of the notice was testimony by the plaintiff's husband, that in the notice he stated as the time, "7:30 A.M. on March 22, 1926," and as the place, "at the crossing of Peter Parley Road and Washington Street," and as the cause, "that she slipped and fell on the ice." Other material evidence is stated in the opinion. At the close of the plaintiff's evidence, the judge ordered a verdict for the defendant and reported the action for determination by this court.

*O. A. Gallagher,* for the plaintiff.

*C. J. Innes,* Assistant Corporation Counsel, for the defendant.

PIERCE, J.  This is an action of tort to recover damages for personal injuries sustained by the plaintiff on March 22, 1926, which resulted from an alleged defect in Peter Parley Road, a public highway of the defendant city.  At the close of the plaintiff's evidence the defendant filed a motion to direct a verdict for the defendant.  The motion was allowed. The judge ordered judgment to be entered for the defendant and reported the case to this court upon the stipulation of the parties "that if the court was in error in directing a verdict, judgment is to be entered for the plaintiff in the sum of three thousand ($3000) dollars, otherwise verdict to stand for the defendant."  All the evidence material to the issues presented is contained in the report.

The defendant states its contentions to be (1) "That the statutory written notice received by the city was inaccurate in respect to the cause of the accident and that the evidence would not warrant the jury in finding that there was no intention to mislead and that the defendant was not in fact misled thereby"; and (2) "That the plaintiff was not in the exercise of due care."  The defendant makes no contention in its brief that at the place of the accident there was not a defect; that it did not have actual or constructive notice of the defect, or that it was not negligent in failing to remedy it. We assume, therefore, that the evidence presented a question of fact on the issue of defective condition of the way and of the defendant's negligence.

The uncontradicted evidence of the plaintiff and her husband descriptive of the place of the accident and of her acts which immediately preceded it as follows:  The husband testified that he had seen the condition at the place in question on several occasions prior to the accident as well as a few hours after it occurred; that there was and had been a lump of earth there six or seven inches high with a hole in the street beside it about five or six inches deep and five or six inches in diameter at the top; that it was nearly a foot from the top of the lump to the bottom of the hole; that he first

observed the lump three or four weeks before the accident when there was no snow or ice upon it, and that he observed it several times up to and until March 22, 1926.

The plaintiff testified that about 7:30 A.M., on March 22, 1926, on a bright, sunny day, while walking along Washington Street she came to the corner of Peter Parley Road; that after she took three or four steps off the curbing she saw an icy spot in front which looked dangerous and slippery; that to avoid it she took perhaps three steps to the left and her foot came down on something that felt like a lump; that she felt her foot raised up some, and her heel slipped off the lump and went into the hole; that her leg bent under her and she fell on her left side breaking her left hip; that she did not see the lump or hole before she fell, that she did not observe the place as she stood on the curb before starting to cross Peter Parley Road; that she just gave a look around as anybody would, started to cross, took three or four steps, saw the smooth, icy spot on the crosswalk; that she was as careful as anybody going along, was just looking down and up, she did not have her eyes on the ground, and was carefully picking her way because she knew it was slippery. She further testified that after she fell she turned and saw opposite her a lump sticking up coated with ice, and beside it a hole with ice around it; that the lump was six or seven inches above the uniform level of the street; that the hole was four or five inches deep and was large enough in diameter to allow her heel to go down into it but not her whole foot; and that her toe caught on the hole as her heel went down.

The evidence warranted a finding that the plaintiff signed a written notice of the accident which was mailed to and received by the defendant within ten days after the accident; that the notice gave 7:30 A.M., March 22, 1926, as the time; the crossing of Peter Parley Road and Washington Street, as the place; and that she "slipped and fell on the ice," as the cause of the accident. The city clerk of the defendant testified that all notices are taken by an investigator of claims for the police department, who makes what investigations he sees fit and then turns them over to the law department from his

office.  It was in evidence that an investigator from the defendant came to see the plaintiff and that she told him about where she fell, that there was quite a lot of ice around there, that it was lumpy and uneven, that she slipped on the ice and that the crosswalk was smooth and even where there was no ice on it.

On the theory that the Peter Parley Road was defective at the time and place of the accident apart from the presence of snow and ice, and that the accident was caused by the defective condition of the road to which snow and ice contributed, *Newton* v. *Worcester*, 174 Mass. 181; *Murphy* v. *Somerville*, 253 Mass. 544, the notice was inaccurate.  G. L. c. 84, § 18.  The burden of giving a notice of the time, place and cause of an injury due to defective ways, and of proving that an inaccurate notice, otherwise complete, was given without intention to mislead, and that the party entitled to notice was not in fact misled, is put upon the plaintiff by the statute referred to.  The absence of contention by the defendant in the instant case that there was an intention to mislead left as an issue the question, Was the defendant in fact misled by the inaccuracy of the plaintiff's notice?  Upon this issue the evidence is not as full as it should be, but, taking such as there is with the inference which may properly be drawn therefrom in its aspect most favorable to the plaintiff, we think the jury would not have been warranted in finding that the investigator in the performance of his duty, after his interview with the plaintiff, visited the place of the accident and there saw the obvious condition of the way as it was described by the plaintiff and her witnesses.  If the jury should find that the condition existed as the witnesses described, they could not find that the investigator appreciated the cause of the accident or that he or the defendant was not misled by the inaccuracy of the notice.  The case is governed by *Dooling* v. *Malden*, 258 Mass. 570.

The question of the due care of the plaintiff was for the jury.  The evidence, if believed, is clear that she did not know of the defect in the road, nor had any reason to take greater care or exercise greater precaution than the evidence discloses that she did.

There was no error in directing a verdict for the defendant. In accordance with the terms of the stipulation verdict is to stand for the defendant.

*So ordered.*