EUGENE GUIDI *vs.* TOWN OF GREAT BARRINGTON.

Berkshire.　September 16, 1930. — October 2, 1930.

Present: RUGG, C.J., CROSBY, CARROLL, SANDERSON, & FIELD, JJ.

*Way*, Public: defect.

At the trial of an action against a town under G. L. c. 84, § 15, for personal injuries alleged to have been caused by a defect in a public sidewalk, the defendant at the close of the evidence moved that a verdict be ordered in its favor and, in response to a question by the trial judge, the defendant's counsel stated that the ground of his motion was that there was no evidence of a defect in the sidewalk sufficient to render the defendant liable.　There was evidence that the sidewalk was constructed of concrete in blocks four feet wide and three feet long; that three of the blocks were out of their ordinary position; that there was "an abrupt difference" in height between the third and fourth blocks, estimated by some witnesses as between two and three inches, and by others as four inches; that this caused the accident; and that this condition of the sidewalk had existed for several weeks before the plaintiff was injured.　The motion was denied.　There was a verdict for the plaintiff.　On exceptions by the defendant, it was *held*, that

(1) The sole issue before this court was whether a verdict should have been ordered for the defendant upon the ground stated by its counsel;

(2) The difference in level between the concrete blocks could not be said as matter of law to be so slight as not to constitute a defect;

(3) The motion properly was denied.

TORT under G. L. c. 84, § 15, for personal injuries. Writ dated February 9, 1928.

In the Superior Court, the action was tried before *Lummus*, J. Material evidence is described in the opinion. A motion that a verdict be ordered for the defendant was denied. There was a verdict for the plaintiff in the sum of $1,000. The defendant alleged exceptions.

The case was submitted on briefs.

*F. J. Brothers*, Town Counsel, for the defendant.

*F. H. Wright*, for the plaintiff.

CROSBY, J. There was evidence tending to show that the plaintiff, four years of age, was on June 15, 1927, operating a tricycle or velocipede along the sidewalk on Avery Lane in the defendant town; that while travelling on said sidewalk in a northerly direction he was thrown from the vehicle because of the condition of the sidewalk and sustained personal injuries. There was further evidence tending to show that the sidewalk was a town way which it was the duty of the defendant to keep in reasonable repair; that due notice of the time, place and cause of the injury was given to the defendant as required by G. L. c. 84, § 18. There is nothing to show that the plaintiff was using the sidewalk for purposes of play. The record recites that at the time he was injured he was travelling on the sidewalk going north. There was evidence from which it could have been found that the sidewalk was constructed of concrete in blocks four feet wide and three feet long; that three of the blocks were out of their ordinary position; that there was "an abrupt difference" in height between the third and fourth blocks, estimated by some witnesses as between two and three inches, and by others as four inches, and that this caused the accident. There was evidence from which it could be found that this condition of

the sidewalk had existed for several weeks before the plaintiff was injured. At the close of the evidence the defendant filed a motion for a directed verdict. The presiding judge asked counsel for the defendant upon what grounds his motion was based; the latter replied that the ground of his motion was that there was no evidence of a defect in the sidewalk sufficient to render the defendant liable. Thereupon the motion was denied, and the defendant excepted. The jury returned a verdict for the plaintiff.

As the only ground upon which the defendant contended that it was not liable was that the evidence did not warrant a finding that the sidewalk was in a defective condition, the sole issue before us is whether a verdict should have been ordered for the defendant upon that ground. We are of opinion that if it was found there was a difference in the level of the concrete blocks of four inches it could not have been ruled as matter of law that the way was not defective. Whether a defect existed presented a question of fact; this question was rightly submitted to the jury. The difference in level between the concrete blocks cannot be said as matter of law to be so slight as not to constitute a defect. The case is governed in principle by *Campbell* v. *Boston,* 189 Mass. 7, *Clinton* v. *Revere,* 195 Mass. 151, *Gallagher* v. *Watertown,* 197 Mass. 467, *Howe* v. *Marlborough,* 204 Mass. 26, *Barron* v. *Watertown,* 211 Mass. 46, *Williams* v. *Winthrop,* 213 Mass. 581, *Thomas* v. *Winthrop,* 222 Mass. 456, *Cannon* v. *Worcester,* 225 Mass. 270, *Sullivan* v. *Worcester,* 232 Mass. 111, *Hamlet* v. *Watertown,* 248 Mass. 473, and *Murphy* v. *Somerville,* 253 Mass. 544. The case at bar is distinguishable from *Newton* v. *Worcester,* 174 Mass. 181, *Isaacson* v. *Boston,* 195 Mass. 114, *Cannon* v. *Brookline,* 256 Mass. 468 and *Boudreau* v. *Springfield,* 257 Mass. 105.

*Exceptions overruled.*