JOHN F. TOVEY *vs.* CITY OF CAMBRIDGE.

Middlesex. January 13, 1931. — January 28, 1931.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & SANDERSON, JJ.

*Way,* Public: defect. *Snow and Ice. Practice, Civil,* Requests, rulings and instructions, Charge to jury.

At the trial of an action of tort against a city under G. L. c. 84, § 15, for personal injuries, there was evidence that the plaintiff on a day in winter was a traveller on a sidewalk covered with a thin coating of ice; that within the sidewalk and distant about two feet from the curbstone there was a hole about a foot and one half long, a foot wide and five or six inches deep, with rough edges where the bricks had crossed; that some bricks had gone out of the center and there was a thin coating of ice on it; that the hole had been there "perhaps four or five months before"; and that the plaintiff, who did not know of the presence of the hole and did not notice it, "stepped into" it, fell and was injured. *Held,* that the evidence warranted a finding that the fall of the plaintiff was occasioned by the stepping into the hole, and not by ice that coated the sides and bottom of the hole, and warranted a verdict for the plaintiff.

There was no exception saved to the charge to the jury at the trial above described, in the course of which the judge instructed the jury at some length concerning the effect of the presence of ice in the hole upon the plaintiff's right to recover. He refused to rule, as requested by the defendant, that the plaintiff could not recover if he "slipped on ice which formed in a depression in the sidewalk." The defendant saved an exception. *Held,* that

(1) It must be assumed that the jury were fully and accurately instructed on the issue in question;

(2) The ruling refused, if given in terms, would not have made the matter any clearer to the jury;

(3) The exception was overruled.

TORT, under G. L. c. 84, § 15, for personal injuries. Writ dated January 12, 1928.

The action was tried in the Superior Court before *Keating,* J. Material evidence and rulings given and refused by the judge are stated in the opinion. The judge denied a motion by the defendant that a verdict be ordered in its favor. There was a verdict for the plaintiff in the sum of $2,500. The defendant alleged exceptions.

*R. C. Evarts,* for the defendant.

*J. A. Treanor, Jr.,* (*P. J. Feinberg* with him,) for the plaintiff.

PIERCE, J. This is an action of tort. The pleadings are annexed to and made a part of the bill of exceptions.

The declaration in substance alleges that on February 21, 1927, the plaintiff was caused to fall and suffer injuries by the negligence of the defendant, in that the sidewalk in front of and adjacent to premises numbered 287–289 Main Street, Cambridge, Massachusetts, were in a dangerous condition. The answer is a general denial, a plea of contributory negligence, and a denial that the street was a public way. At the trial, and in its brief, the defendant admitted that the sidewalk at the place where the plaintiff claimed he had fallen was a public way; and it raises no question as to the service or sufficiency of the statutory notice. At the close of all the evidence material to the issues involved, the defendant filed a motion that the " court order the jury to return a verdict in its favor." The motion was denied and the defendant duly excepted. The jury found for the plaintiff.

In their most favorable aspect to the plaintiff's contention the facts which the jury warrantably could find on the evidence in substance are as follows: At four o'clock on the afternoon of February 21, 1927, the weather was dark, cloudy and damp, the ground was wet and on Main Street near the place of the accident the sidewalk was covered with a thin coating of ice. At that time Main Street at the place of the accident was crowded with people " getting off the bus." The plaintiff walked along the street in a hurry until he reached the front of 287–289 Main Street. At this point the sidewalk from the curb to the building line was about ten feet wide. Within the

sidewalk and distant about two feet from the curbstone there was a hole which had been "there perhaps four or five months before." It was about a foot and one half long, probably a foot wide and five or six inches deep; the edges of the hole were rough where the bricks had crossed; some bricks had gone out of the center and there was a thin coating of ice on it. The plaintiff did not know the hole was there, did not notice the hole and "stepped into" it as he walked along. He fell sideways toward the building, put out his hand to save himself and broke his right wrist. The evidence and inferences of fact unfavorable to the plaintiff would warrant the jury in finding that the plaintiff slipped on the ice on the sidewalk and fell or stepped into the hole, or that he stepped into the hole and then slipped and fell because of the ice in the hole, but the jury were not required so to find. On the evidence the jury would be warranted in finding that the fall of the plaintiff was occasioned by the stepping into the hole, and not by ice that coated the sides and bottom of the hole. The evidence and the conflicting inferences of fact required the submission of the issue presented to the jury. It follows that the motion was denied rightly.

At the close of the evidence, at the request of the defendant, the judge instructed the jury: "2. The burden is on the plaintiff to prove every element necessary to his case by the fair preponderance of the evidence. 3. The plaintiff cannot recover unless the jury find that independently of any ice or snow the way was not reasonably safe and convenient for travellers. 4. The plaintiff cannot recover unless the jury find that the way with no ice and snow upon it was defective and that such defect, if any, was operative at the time of the accident, and was in part the proximate cause of it. 5. Where the ice and/or snow is the sole proximate cause of the accident there is no liability. 7. The defendant is not bound to level and smooth down every street so that there shall remain no unevenness by reason of which any person may possibly be liable to stumble and fall."

He refused to instruct them "8. If the plaintiff slipped

on ice which formed in a depression in the sidewalk then he cannot recover." As respects this request the judge instructed the jury as follows: " Some reference has been made to the fact that there was a coating of ice there. Now if you should find that the sole proximate cause of the accident was the coating of ice, the presence of ice or snow, then the plaintiff could not recover damages but if you should find that the accident was attributable in part to ice or snow and in part to a depression in the sidewalk, as the proximate cause of the accident, then the plaintiff can recover damages provided you find that he was in the exercise of proper care, or in other words that there was no negligence on his part which contributed to cause the accident. So it will be necessary for you to ascertain what was the condition of that sidewalk where the plaintiff fell. What was his fall due to? Was there a hole there about a foot and a half long, about a foot wide and about five inches deep? Or was it smooth and level without any such hole? If there was a hole there, was there a coating of ice in the hole? Was the accident due solely as a proximate cause to the coating of ice, or was it due in part to the hole or depression in the sidewalk and in part to the coating of ice? And, as I have already said to you, if you find that it was due in part to the coating of ice and in part to the hole or depression in the sidewalk, if there was such there, then the plaintiff can recover damages provided you find there was no negligence on his part which contributed to the injury, which contributed to cause the accident. The plaintiff cannot recover unless the jury find that independently of any ice or snow the way was not reasonably safe and convenient for public travel. Wherever ice or snow is the sole proximate cause of the accident there is no liability. In order to make that clear to you, gentlemen, I will repeat what I have said in an earlier part of my charge. That if the sole proximate cause of the accident was ice or snow the plaintiff cannot recover damages, but if the accident was due in part to ice or snow and in part to a hole or depression in the sidewalk, and you find that that hole or depression in the

sidewalk rendered that part of the walk not reasonably safe for public travel, then if that condition was the sole proximate cause of the plaintiff's injury he can recover damages." The defendant excepted to the refusal of the judge to instruct the jury as requested, and also excepted to his refusal to instruct the jury: "1. On all the evidence the plaintiff cannot recover." This request numbered 1 was properly refused for the reasons stated in *Patton* v. *DeViney,* 259 Mass: 100.

G. L. c. 84, § 17, reads: "A county, city or town shall not be liable for an injury or damage sustained upon a public way by reason of snow or ice thereon, if the place at which the injury or damage was sustained was at the time of the accident otherwise reasonably safe and convenient for travelers." In the light of the quoted statute it is the contention of the defendant that its request numbered 8 should have been given because on the evidence the jury would have been warranted in finding that a hole in the sidewalk, as described by the plaintiff and his witnesses, did not exist in fact when the plaintiff fell, and, moreover, that the jury on the evidence would have been warranted in finding that there was no depression in the sidewalk at the place in question which was a defect in the way or was a condition which the defendant was required by law to remedy and make reasonably safe and convenient for travellers. We do not think the quoted instructions are obnoxious to the criticism of the defendant that the distinction between condition and cause is not sufficiently pointed out; nor, if such be the fact, do we think the instruction requested, if given in terms, would make the distinction any clearer to the jury. No exception was taken to any part of the charge. We therefore assume that the jury were fully and accurately instructed in the light of *Newton* v. *Worcester,* 174 Mass. 181, *Neilson* v. *Worcester,* 219 Mass. 88, 90, *Naze* v. *Hudson,* 250 Mass. 368, *Murphy* v. *Somerville,* 253 Mass. 544, and *Witham* v. *Boston,* 262 Mass. 291.

*Exceptions overruled.*