## MARGARET L. DUFFY *vs.* CITY OF BOSTON.

Essex.    February 3, 1931. — February 26, 1931.

Present: RUGG, C.J., CROSBY, PIERCE, SANDERSON, & FIELD, JJ.

*Way*, Public: defect.

Where, at the trial of an action by a woman against a city under G. L. c. 84, § 15, there was evidence that the plaintiff fell and was injured because she caught her foot in a depression in a public sidewalk next a curb on one side of a driveway, that the depression was two feet wide, two feet long and three inches deep, and "that the curbing had worn down quite a bit and the hole was filled with a sort of cement and there were jagged edges right around the hole," it was error, after a verdict for the plaintiff had been recorded with leave reserved under G. L. c. 231, § 120, to order a verdict to be entered for the defendant; and, upon exception to such order, this court ordered judgment entered for the plaintiff on the verdict returned by the jury.

TORT under G. L. c. 84, § 15, for personal injuries. Writ dated September 26, 1928.

In the Superior Court, the action was tried before *Donahue*, J. Material evidence is stated in the opinion. A verdict was returned for the plaintiff in the sum of $775, and was recorded with leave reserved under G. L. c. 231, § 120. Thereafter the judge ordered entry of a verdict for the defendant. The plaintiff alleged exceptions.

*R. L. Sisk*, for the plaintiff.

*J. A. Campbell*, Assistant Corporation Counsel, for the defendant, submitted a brief.

CROSBY, J. The plaintiff received a personal injury while walking along the sidewalk on Tremont Street, a public way in the defendant city. It is admitted by the defendant that due notice of the time, place and cause of the accident was seasonably given to the defendant.

The plaintiff testified, in substance, that she was accompanied by another woman and when opposite the building numbered 175 on Tremont Street the sidewalk came to an end and there was a curbstone, then a driveway leading into the rear of the building, then a curb, and the sidewalk continued; that as she came to the place where she was injured her foot caught in a depression in the sidewalk about two feet wide, two feet long and three inches deep; that as she was walking along her right foot caught in the ragged edges of the depression and she was thrown down and her leg broken; that she had hold of her companion's arm just before the accident " and it felt as though her heel was held and then her right leg doubled right under her . . . that this hole or depression was about two feet long and came right up to the edge of the curb; that the curbing had worn down quite a bit and the hole was filled with a sort of cement and there were jagged edges right around the hole."

Upon the foregoing testimony that the curbing was worn down, it could have been found as a reasonable inference that the alleged defect had been in existence a sufficient length of time for the defendant in the exercise of due care to have discovered and remedied it. *Cook v. Boston,* 266 Mass. 159. The present case is plainly distinguishable in its facts from *Hamilton v. Cambridge,* 219 Mass. 418. The question, whether the depression or hole in the sidewalk, as testified to by the plaintiff, constituted a defect, presented a question of fact for the jury to determine. If it was found that the hole was about two feet wide, two feet long and three inches deep, it could not properly have been ruled as matter of law that it did not constitute a defect. *Cannon v. Worcester,* 225 Mass. 270. *Hamlet v. Watertown,* 248 Mass. 473. *Naze v. Hudson,* 250 Mass. 368. *Murphy v. Somerville,* 253 Mass. 544. *Witham v. Boston,* 262 Mass. 291. *Cook v. Boston, supra. Sheehan v. Lynn,* 269 Mass. 571. *George v. Malden,* 274 Mass. 606. The questions, whether the plaintiff was in the exercise of due care when injured, whether the sidewalk could have been found to be in a defective condition,

and whether the alleged defect had been in existence for a sufficient length of time to have enabled the defendant to discover and remedy it, were all for the jury.

At the close of the evidence the defendant filed a motion which was, in substance, for a directed verdict. Without acting upon the motion the trial judge submitted the case to the jury who returned a verdict for the plaintiff. The judge thereupon, before the verdict was recorded, with the assent of the jury, reserved leave to enter a verdict for the defendant under G. L. c. 231, § 120, and ordered a verdict to be entered for the defendant. To this order the plaintiff excepted. As it could not properly have been ruled as matter of law that the plaintiff was not entitled to recover, the exception must be sustained; the verdict of the jury must stand, and judgment is to be entered for the plaintiff on that verdict.

*So ordered.*