ADDIE L. EATON *vs.* CITY OF SPRINGFIELD.

Hampden.    October 5, 1931. — October 5, 1931.

Present: RUGG, C.J., CROSBY, PIERCE, SANDERSON, & FIELD, JJ.

*Way*, Public: defect.  *Negligence*, Contributory.

Where, at the trial of an action against a city under G. L. c. 84, § 15, there was evidence that, at the interior angle where the cement sidewalks of two public ways in the city intersected, there was an unpaved area of pebbles and gravel next the curb of one of the ways, in which a large tree stood; that the level of the sidewalks at the angle of intersection was three and one quarter inches above the level of the unpaved area; that such condition had existed for a considerable time; and that the plaintiff, while walking on a June evening at that place, which was well lighted, fell by reason of the drop at the edge of the cement and was injured, findings were warranted that such condition was a defect which had existed long enough so that the defendant reasonably could have remedied it, and it could not properly have been ruled that the plaintiff was guilty of contributory negligence; and a verdict for the plaintiff was warranted.

TORT.    Writ dated October 20, 1927.

The action was tried in the Superior Court before *Lummus,* J.    Material evidence is stated in the opinion.    The judge denied a motion by the defendant that a verdict be ordered in its favor.    There was a verdict for the plaintiff in the sum of $4,000.    The defendant alleged exceptions.

The case was submitted on briefs.

*G. F. Leary,* City Solicitor, *& D. E. Lavigne,* Assistant City Solicitor, for the defendant.

*S. T. Bennett, E. S. Searle, & J. P. Kirby,* for the plaintiff.

RUGG, C.J.    This is an action under G. L. c. 84, § 15, to recover compensation for injuries alleged to have been received by a traveller upon a public way by reason of a defect. There was evidence tending to show that the plaintiff on a June evening walked upon a cement sidewalk at the corner of two well-lighted streets near a large tree standing within the curb.    At the angle where the sidewalks on the two streets intersected, there was a vertical drop, coincident with

the edge of the cement of the sidewalk and distant from the curb "forty-one inches one way and twenty-one inches the other," of three and one quarter inches. The space from this angle to the curb and the foot of the tree was of gravel and pebbles and unpaved. The plaintiff fell by reason of this drop at the edge of the cement, as she was walking on the public way, and received injuries. This condition might have been found to have existed for a considerable time.

The condition might have been found to be a defect in a public way which the defendant could reasonably have remedied. This is established by the authority of numerous adjudications. *Naze* v. *Hudson*, 250 Mass. 368. *Murphy* v. *Somerville*, 253 Mass. 544. *Clutterbuck* v. *Springfield*, 261 Mass. 64. *Witham* v. *Boston*, 262 Mass. 291. *Duffy* v. *Boston*, 275 Mass. 13. *George* v. *Malden*, 274 Mass. 606. The case at bar is quite distinguishable from *Newton* v. *Worcester*, 174 Mass. 181, *Burke* v. *Haverhill*, 187 Mass. 65, *Isaacson* v. *Boston*, 195 Mass. 114, and similar decisions.

Plainly it could not have been ruled as matter of law that the plaintiff was wanting in due care or guilty of contributory negligence. *Kelly* v. *Blackstone*, 147 Mass. 448. *Thompson* v. *Bolton*, 197 Mass. 311, 313. G. L. c. 231, § 85.

*Exceptions overruled.*